**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YIMIN HUANG, Individually and on Behalf of All Others Similarly Situated, <br><br>                      Plaintiff, <br><br>         v. <br><br> SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNBULL, LEE TAMKEE, ELIZABETH CANNON, COWEN AND COMPANY, LLC, BMO NESBITT BURNS INC., RBC DOMINION SECURITIES INC., BARCLAYS CAPITAL CANADA INC., CIBC WORLD MARKETS INC., and SCOTIA CAPITAL INC, <br><br>                      Defendants. | Case No.: 1:19-cv-08913-ALC <br><br> Hon. Andrew L. Carter, Jr. |
| DANIEL GULACSY, Individually and on Behalf of All Others Similarly Situated, <br><br>                      Plaintiff, <br><br> v. <br><br> SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNBULL, LEE TAMKEE, and ELIZABETH CANNON, <br><br>                      Defendants. | Case No.: 1:19-cv-10157-ALC <br><br> Hon. Andrew L. Carter, Jr. |

**[PROPOSED] ORDER GRANTING MOTION OF DAVID DRAIMAN FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Having considered the papers filed in support of the Motion of class member movant David

Draiman ("Movant") for Consolidation of the Actions, Appointment as Lead Plaintiff, and

Approval of Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995

(the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), and for good cause shown, the Court hereby enters the following Order:

## CONSOLIDATION OF RELATED ACTIONS

1.    The above-captioned securities fraud class actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Any actions that have been filed, or may be filed, which are related, and which may be considered herewith, are consolidated with the Huang case under Case No. 1:19-cv-08913-ALC (the "Consolidated Action").

2.    A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The docket number for the Master File shall be Master File No. 1:19-cv-08913-ALC.  The original of this Order shall be filed by the Clerk in the Master File.  The Clerk shall mail a copy of this Order to counsel of record in each of the above-captioned actions.

3.    Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE SUNDIAL GROWERS INC., SECURITIES LITIGATION | Master File No. 1:19-cv-08913-ALC |
|---|---|

## APPOINTMENT AS LEAD PLAINTIFF AND LEAD COUNSEL

4.    Movant has moved this Court to be appointed as Lead Plaintiff in the above-captioned actions (the "Actions") and to approve the counsel he has retained to be Lead Counsel.

5.    Having considered the provisions of the PSLRA, codified at Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), the Court hereby determines that Movant is the most adequate lead plaintiff and satisfies the requirements of the PSLRA.  The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the Class.

6.    Pursuant to Section 15 U.S.C. § § 77z-1(a)(3)(B)(v), Movant has selected and retained the law firm of Levi & Korsinsky, LLP to serve as Lead Counsel.  The Court approves Movant's selection of Lead Counsel for the Consolidated Action.

7.    Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a.    to coordinate the briefing and argument of any and all motions;

b.    to coordinate the conduct of any and all discovery proceedings;

c.    to coordinate the examination of any and all witnesses in depositions;

d.    to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

e.    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f.    to coordinate all settlement negotiations with counsel for Defendants;

g.    to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required;

h.    to coordinate the preparation and filings of all pleadings; and

i.    to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Consolidated Action.

8.    No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

9.      Service upon any plaintiff of all pleadings, motions, or other papers in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

10.      Lead Counsel shall be the contact between plaintiffs and plaintiffs' counsel and Defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

## **NEWLY FILED OR TRANSFERRED ACTIONS**

11.      When a case that arises out of the subject matter of this Consolidated Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall:

    a.  File a copy of this Order in the separate file for such action;

    b.  Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c.  Make the appropriate entry in the docket for this Consolidated Action.

12.      Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13.      During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control,

including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

   **IT IS SO ORDERED.**


Dated: _____, 2019    _____
                                     THE HONORABLE ANDREW L. CARTER, JR.
                                     UNITED STATES DISTRICT JUDGE