**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YIMIN HUANG, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNBULL, LEE TAMKEE, ELIZABETH CANNON, COWEN AND COMPANY, LLC, BMO NESBITT BURNS INC., RBC DOMINION SECURITIES INC., BARCLAYS CAPITAL CANADA INC., CIBC WORLD MARKETS INC., and SCOTIA CAPITAL INC.,<br><br>              Defendants. | 1:19-cv-08913-ALC<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DAVID J. STEINHAFEL'S MOTION TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL** |
| DANIEL GULACSY, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>vs.<br><br>SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNBULL, LEE TAMKEE, and ELIZABETH CANNON,<br><br>              Defendants. | 1:19-cv-10157-ALC<br><br>CLASS ACTION |

Class member David J. Steinhafel respectfully submits this memorandum of law in support of his motion for:

(a) consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a);

(b) appointment as Lead Plaintiff, pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District are the two above-captioned related securities class actions (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired the securities of Sundial Growers Inc ("Sundial" or the "Company") pursuant and/or traceable to Sundial's Registration Statement issued in connection with Sundial's August 1, 2019, initial public stock offering (the "IPO" or the "Offering"), seeking to recover compensable damages caused by Defendants' violations of the Securities Act. Mr. Steinhafel moves for these Actions to be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Under the PSLRA, class action complaints alleging violations of the Securities Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial

interest in the litigation and has made a *prima facie* showing that the movant is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Mr. Steinhafel, who works in private equity and resides in California, satisfies these requirements and should be appointed Lead Plaintiff of the Actions. First, Mr. Steinhafel lost $28,709.45 on his purchases of Sundial securities in connection with the Offering. Mr. Steinhafel believes that his loss is the largest recoverable financial loss in the Actions and his substantial financial interest will ensure his vigorous prosecution of the Class' claims. Second, Mr. Steinhafel satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Mr. Steinhafel has selected experienced and qualified counsel that can adequately represent the Class.

Accordingly, Mr. Steinhafel respectfully requests that the Court grant his motion to consolidate the Actions, to appoint him as Lead Plaintiff, and to approve his selection of Bernstein Liebhard as Lead Counsel.

## SUMMARY OF THE COMPLAINTS

Sundial purports to be a producer and marketer of premium cannabis for the adult-use market.

The complaints allege that, Defendants' Registration Statement contained untrue statements of material fact because, before the IPO, Sundial's quality control systems had already been negatively impacted as Sundial had already experienced a material failure or deterioration at the time of the IPO, Sundial failed to disclose that: (i) Sundial failed to supply saleable cannabis in line with contractual obligations to Zenabis; a corporate cannabis buyer, and (ii) due to the material quality issues, Zenabis had to return or reject a total of 554 kg of cannabis from Sundial, valued at approximately $1.9 million.

2

On August 16, 2019, *Marketwatch* published an article that stated, in part, that the "newest cannabis company on Wall Street, Sundial Growers Inc., sold a half ton of pot that was returned by corporate buyer Zenabis Global Inc. because it contained visible mold, parts of rubber gloves, and other non-cannabis material according to people familiar with the matter." The article also stated that the "attempted sale would be equivalent to 10% of Sundial's total second-quarter cannabis sales of five metric tons. The batch of cannabis would be worth roughly C$2.5 million ($1.9 million), assuming a price of C$5 per gram."

The *Marketwatch* article also stated that the Company "included a number of risks around inventory spoilage in its IPO filing but did not include a reference to a half ton of returned cannabis. Sundial did not mention the half-ton return during a road show presentation in Toronto, according to one investor who heard the pitch.  In the IPO filing and its quarterly-earnings filing with the Securities and Exchange Commission, the company disclosed about $3.3 million in penalties for not delivering cannabis as promised to partners; those contingencies were from 2018."

Since the IPO, and as a result of the disclosure of material adverse facts omitted from the Registration Statement, Sundial's stock price has fallen substantially below its IPO price, damaging investors.

**ARGUMENT**

## I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it

may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §77z-1(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions has been filed in this District alleging substantially similar factual and legal grounds to support violations of the Securities Act by Defendants arising from the public dissemination of false and misleading information to investors in the Registration Statement. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a).

## II.    THE COURT SHOULD APPOINT MR. STEINHAFEL AS LEAD PLAINTIFF

### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 77z-1(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the

4

Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

i)    has either filed the complaint or made a motion in response to an Early Notice;

ii)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth *infra*, Mr. Steinhafel meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff."

### B.    Mr. Steinhafel is the Most Adequate Plaintiff

Mr. Steinhafel respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Mr. Steinhafel's Motion is Timely

On September 25, 2019, the Early Notice was published via *Business Wire*, which "is a suitable vehicle for meeting the statutory requirement that notice be published." *See* Declaration

of Matthew E. Guarnero ("Guarnero Decl."), Ex. A; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004). Accordingly, putative class members had until November 25, 2019 to file their lead plaintiff motions. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Mr. Steinhafel has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 77z-1(a)(2)(A), attesting to his review of one of the complaints in the Actions and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Guarnero Decl., Ex. B. Accordingly, Mr. Steinhafel satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Mr. Steinhafel Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Mr. Steinhafel suffered losses of $28,709.45 in connection with his purchases of Sundial securities. *See* Guarnero Decl., Ex. C.  Accordingly, Mr. Steinhafel believes he has the largest financial interest in this litigation.

### 3. Mr. Steinhafel Satisfies the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y.

2015) (emphasis in original). Mr. Steinhafel satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

### 1.    Mr. Steinhafel's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Mr. Steinhafel's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by named Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Steinhafel as to all members of the Class. Since Mr. Steinhafel's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### 2.    Mr. Steinhafel Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case

7

to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Mr. Steinhafel is an adequate Lead Plaintiff. Mr. Steinhafel and members of the Class have the same interest: to maximize the recovery from Defendants. Because of Mr. Steinhafel's substantial financial stake in the litigation, Class members can be assured that Mr. Steinhafel has the incentive to vigorously prosecute the claims against the Defendants.

Additionally, Mr. Steinhafel has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class actions both in this District and nationwide.

## III.    THE COURT SHOULD APPROVE MR. STEINHAFEL'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Guarnero Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best

8

commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Mr. Steinhafel respectfully requests that this Court: (1) consolidate the related Actions; (2) appoint him as Lead Plaintiff of the Actions, and all subsequently-filed, related actions; and (3) approve Mr. Steinhafel's selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: November 25, 2019                    Respectfully submitted,

/s/ Matthew E. Guarnero
**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com
         lhasson@bernlieb.com
         mguarnero@bernlieb.com

*Counsel for David J. Steinhafel and Proposed*
*Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, Matthew E. Guarnero, hereby certify that on November 25, 2019 a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF DAVID J. STEINHAFEL'S MOTION TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: November 25, 2019                          /s/ Matthew E. Guarnero
                                                  Matthew E. Guarnero

11