UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIMIN HUANG, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNBULL, LEE TAMKEE, ELIZABETH CANNON, COWEN AND COMPANY, LLC, BMO NESBITT BURNS INC., RBC DOMINION SECURITIES INC., BARCLAYS CAPITAL CANADA INC., CIBC WORLD MARKETS INC., and SCOTIA CAPITAL INC.,<br><br>     Defendants. | Case No: 1:19-cv-08913-ALC<br><br>CLASS ACTION |
| DANIEL GULACSY, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNNBULL, LEE TAMKEE, and ELIZABETH CANNON,<br><br>     Defendants. | Case No: 1:19-cv-10157-ALC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF
NANCY DODGE-SWARTZ'S MOTION FOR
CONSOLIDATION OF ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY................................................................................................... 2

FACTUAL BACKGROUND ................................................................................................ 2

ARGUMENT......................................................................................................................... 4

I.   CONSOLIDATION OF THE ACTIONS IS APPROPRIATE .............................................. 4

II.  THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF ............................ 5

    A.   The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ..................... 5

    B.   Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ........................................ 6

        1.   Movant Filed a Timely Motion.............................................................................. 6

        2.   Movant Has the Largest Financial Interest in the Relief........................................ 7

        3.   Movant Meets Rule 23's Typicality and Adequacy Requirements ....................... 8

III. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED ................................. 11

CONCLUSION..................................................................................................................... 12

i

## TABLE OF AUTHORITIES

**Cases**

*In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*,
No. 08 MDL 1963 (RWS), 2008 U.S. Dist. LEXIS 106327 (S.D.N.Y. Dec. 29, 2008)............. 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) .................................................................................................. 8

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)......................................................................................................... 9

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005)................................................................................................. 1, 7

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................. 5, 7

*In re GE Sec. Litig.*,
No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)................... 10

*Gen. Tel. Co. of the SW v. Falcon*,
457 U.S. 147 (1982) ..................................................................................................................... 9

*Johnson v. Celotex Corp.*,
899 F.2d 1281, 1284-85 (2d Cir. 1990).................................................................................... 4, 5

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007).................................................................................................... 7

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) .................................................................................................... 11

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008)..................... 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998).................................................................................................... 8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
275 F.R.D. 187 (S.D.N.Y. 2011) ............................................................................................... 10

*Primavera Familienstifung v. Askin*,
173 F.R.D. 115, 129 (S.D.N.Y. 1997)  ........................................................................................ 4

ii

*Reimer v. Ambac Fin. Grp., Inc.*,
No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) .................. 10

*Richman v. Goldman Sachs Grp., Inc.*,
274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................................................. 9

*Strougo v. Brantley Capital Corp.*,
243 F.R.D. 100 (S.D.N.Y. 2007) ............................................................................................. 8

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
No. 05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006)........................ 7

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ......................................................................................... 4, 7

**Statutes**

Private Securities Litigation Reform Act,
15 U.S.C. § 77z-1(a)(3), *et seq*............................................................................................. passim

**Rules**

Fed. R. Civ. P.,
Rule 23 .................................................................................................................................. passim

Fed. R. Civ. P.,
Rule 42(a)................................................................................................................................ 4, 5

Movant Nancy Dodge-Swartz ("Movant"), on behalf of herself and all other similarly situated persons and entities, hereby respectfully submits this Memorandum of Law in support of Movant's Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act") as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (collectively, the "Action") alleging violations of the Securities Act and brought on behalf of a class consisting of all persons and entities, other than defendants, that purchased or otherwise acquired Sundial Growers Inc. ("Sundial" or the "Company") securities pursuant and/or traceable to the registration and related prospectus (collectively, the "Registration Statement") issued in connection with Sundial's August 1, 2019 initial public stock offering (the "Class").

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotations omitted). Movant has lost approximately $18,354.10 as a result of the alleged misrepresentations in the Registration Statement.[1] Movant believes that she has the largest

---

[1] The PSLRA certification of Movant identifying her transactions in Sundial, as well as a chart identifying her losses, are attached to the Declaration of W. Scott Holleman, dated November 25, 2019 ("Holleman Decl."), as Exhibits A and B, respectively.

1

financial interest in the outcome of these Actions.  Moreover, Movant satisfies the requirements

of Rule 23 in that her claims are typical of the claims of the Class, and in that she will fairly and

adequately represent the interests of the Class.

For the reasons summarized herein and as discussed more fully below, Movant's Motion

should be approved in its entirety.

## PROCEDURAL HISTORY

Plaintiff Yimin Huang ("Huang") commenced this action against Sundial on September

25, 2019 (the "*Huang* Action") alleging violations of Sections 11, 12(a)(2), and 15 of the

Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, against Sundial, certain of its officers and

directors (the "Individual Defendants"), and the underwriters of Sundial's initial public offering

(the "Underwriter Defendants," and with Sundial and the Individual Defendants, the

"Defendants").  That same day, counsel for Huang published a notice on *Business Wire*

announcing a securities class action had been initiated against Defendants.

On November 1, 2019, plaintiff Daniel Gulacsy commenced a substantially similar action

in this District asserting violations of Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77k

and 77o,  against Sundial and the Individual Defendants (the "*Gulacsy* Action").[2]

## FACTUAL BACKGROUND

Sundial is incorporated in the Province of Alberta, Canada and is headquartered in

Calgary in Alberta, Canada.  ¶ 9.[3]  Sundial purports to produce and market craft pioneering

cannabis brands to "Heal, Help and Play."  *Id.*  Sundial operates five facilities, two in Alberta,

---

[2]  The *Gulacsy* Action includes the same Individual Defendants as the *Huang* Action, but does not include the Underwriter Defendants.

[3]  Citations to "¶ __" are to paragraphs in the Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the *Huang* Action, ECF No. 1.  Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the Complaint.  The facts set forth in the Complaint are incorporated herein by reference.

Canada, and three in the United Kingdom, and as of August 2019, was building a third Canadian facility in British Columbia. *Id.*

In August 2019, Defendants conducted an initial public stock offering (the "IPO"), issuing approximately 11 million shares of common stock to the investing public at $13.00 per share, pursuant to the Registration Statement. ¶ 31. The Registration Statement represented that Sundial was a producer of "high-quality cannabis in small batches" and that "we produce high-quality, consistent cannabis" and that the Company's operating model results in "strong customer loyalty." ¶ 34.

These representations were untrue statements of material fact because, before the IPO, due to material quality issues, Zenabis Global Inc. ("Zenabis"), a Sundial customer, had returned or rejected a total of 554 kg of cannabis because it was of low quality and contained visible mold, parts of rubber gloves, and other non-cannabis materials. ¶ 35.

In addition, the Registration Statement purported to warn investors about certain risks regarding Sundial's quality control systems while failing to disclose that the risks had already occurred (¶ 38) and represented certain contingencies while failing to disclose material facts concerning contingencies relating to Sundial's supply agreement had already occurred at the time of the IPO (*Id.*).

These representations in the Registration Statement contained untrue statements of material fact because at the time of the IPO, Sundial failed to disclose that: (i) Sundial failed to supply saleable cannabis in line with contractual obligations to Zenabis; and (ii) due to material quality issues, Zenabis had to return or reject a total of 554 kg of cannabis to Sundial, valued at approximately U.S. $1.9 million (C$2.5 million). ¶¶ 37, 39.

On August 16, 2019, *MarketWatch* published an article that exposed the Company's material quality issues with client Zenabis. ¶¶ 40-41.

Since the IPO, and as a result of the disclosure of material adverse facts omitted from Sundial's Registration Statement, Sundial's stock price has fallen substantially below its IPO price. ¶ 42.

## ARGUMENT

### I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *Weltz*, 199 F.R.D. at 131 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . .") (citation and quotations omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Celotex*, 899 F.2d at 1285.

## II.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable."  15 U.S.C. § 77z-1(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 77z-1(a) and (a)(3)(B).

First, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall publish, in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for appointment as lead plaintiff within 60 days of the notice publication. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

Under 15 U.S.C. § 77z-1(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members."  *Id*.  The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

5

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of her knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.  Movant is also unaware of any unique defenses against her that Defendants could raise.  Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in this Action.

### B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because she satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1.    Movant Filed a Timely Motion

Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), the plaintiff in the *Huang* Action published notice of the action on September 25, 2019, within 20 days of the filing of the first-filed complaint, through *Business Wire*, a widely circulated national business-oriented wire service. *See* Holleman Decl., Ex. C.  Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice.  *See* 15 U.S.C.

§ 77z-1(a)(3)(A)(i).    Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 77z-1(a)(3)(A) and (B) expires on November 25, 2019.    Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 2.    Movant Has the Largest Financial Interest in the Relief

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial interest in the relief sought by the Action.    As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.    *See* Holleman Decl., Ex. B.    The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.    *See Weltz*, 199 F.R.D. at 132; *Foley*, 272 F.R.D. at 128 (stating "[a]lthough courts have differed on how much weight to assign to each of the factors, [the Second Circuit], as have other courts, shall place the most emphasis on the last of the four factors:  the approximate loss suffered by the movant.").    *See also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (same); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-4617 (RJH), 2006 WL 197036, at *3 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period").

Movant purchased Sundial securities in reliance upon the materially untrue statements issued by the Defendants and was injured thereby.    Movant has suffered substantial losses of $18,354.10 as a result of Defendants' alleged untrue statements.    *See In re eSpeed*, 232 F.R.D. at 101 (noting that courts prefer losses to be calculated under LIFO); *see also* Holleman Decl., Ex. B (Loss Chart).    Movant, thus, has a significant financial interest in the outcome of this case.    To

7

the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3. Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").  *See also Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as lead plaintiff.

**(i)     Movant's Claims Are Typical of the Claims of the Class**

Under Rule 23 (a)(3), the claims or defenses of the representative parties must be typical of those of the class.   A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.   *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).   "However, the claims of the class representative need not be identical to those of all members of the class."  *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009); *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (quotations omitted).   A finding of commonality frequently supports a finding of typicality.  *See Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("The typicality requirement is satisfied when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise.").   Movant, like the other members of the Class, acquired Sundial securities pursuant and/or traceable to the Registration Statement at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby.   Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members

9

and her losses were a result of Defendants' common course of wrongful conduct.  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).  *See Reimer v. Ambac Fin. Grp., Inc.*, No. 08 CIV. 1273 (NRB), 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) ("Typicality is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

Movant therefore satisfies the required *prima facie* showing of the typicality requirements of Rule 23 for purposes of this Motion.

### (ii)    Movant Will Adequately Represent the Class

Movant is also an adequate representative for the Class.  Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."  Adequate representation will be found if the representative has:  (a) retained able and experienced counsel and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider:  (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE Sec. Litig.*, 09 CIV. 1951 DC, 2009 WL 2259502, at *5 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because his interests are aligned with those of the putative class, and he has retained competent and experienced counsel.").  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class.  15 U.S.C. § 77z-1(a)(3)(B).

10

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Consolidated Action based on the large financial loss she has incurred as a result of the wrongful conduct alleged therein. *See In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (plaintiff's "financial stake in the litigation provides an adequate incentive for [plaintiff] to vigorously prosecute the action"). Indeed, Movant has already taken steps which demonstrate that she both recognizes and will protect the interests of the Class, including: (1) executing a certification detailing her transactions and expressing her willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of violations of the federal securities laws. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and should be appointed as such to lead the Consolidated Action.

### III.  MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the

11

interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected and retained BES as the proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Holleman Decl., Ex. D), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. The members of the firm have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class. Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Movant as Lead Plaintiff on behalf of the Class in the Consolidated Action; (3) approve Movant's selection of BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: November 25, 2019                    Respectfully submitted,

                                            **BRAGAR EAGEL & SQUIRE, P.C.**

                                            By: */s/ W. Scott Holleman*
                                            W. Scott Holleman
                                            885 Third Avenue, Suite 3040
                                            New York, NY 10022
                                            Telephone: (646) 860-9449
                                            Facsimile: (212) 214-0506
                                            Email: holleman@bespc.com

                                            *Counsel for Movant and Proposed*
                                            *Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I, W. Scott Holleman, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 25th day of November, 2019.

*/s/ W. Scott Holleman*
W. Scott Holleman