**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YIMIN HUANG, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNBULL, LEE TAMKEE, ELIZABETH CANNON, COWEN AND COMPANY, LLC, BMO NESBITT BURNS INC., RBC DOMINION SECURITIES INC., BARCLAYS CAPITAL CANADA INC., CIBC WORLD MARKETS INC., AND SCOTIA CAPITAL INC.,<br><br>    Defendants. | CASE No.: 1:19-cv-08913-ALC<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED CASES, APPOINTING CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL**<br><br>**CLASS ACTION** |
| DANIEL GULACSY, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNDIAL GROWERS INC., TORSTEN KUENZLEN, JAMES KEOUGH, EDWARD HELLARD, GREG MILLS, GREGORY TURNBULL, LEE TAMKEE, AND ELIZABETH CANNON,<br><br>    Defendants. | CASE No.: 1:19-cv-10157-ALC<br><br>**CLASS ACTION** |

WHEREAS, this putative class action was commenced on September 25, 2019 on behalf of investors who purchased or otherwise acquired Sundial Growers Inc. ("Sundial") securities pursuant and/or traceable to Sundial's Registration Statement issued in connection with Sundial's August 1, 2019 initial public stock offering (the "IPO"). That same day notice of the

action was issued on that date pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") advising Sundial investors of the November 25, 2019 deadline for those seeking appointment as lead plaintiff;

WHEREAS, another putative class action was commenced on November 1, 2019 on behalf of investors who purchased or otherwise acquired Sundial securities pursuant and/or traceable to the Company's Registration Statement issued in connection with Sundial's August 1, 2019 IPO;

WHEREAS, on November 25, 2019 six lead plaintiff motions were filed by: (1) 0998735 BC LTD (Dkt. No. 17); (2) Ricardo Tristan (Dkt. No. 20); (3) David Draiman (Dkt. No. 23); (4) David J. Steinhafel (Dkt. No. 24); (5) Nancy Dodge-Swartz (Dkt. No. 29); (6) Olga Svyatchenko (Dkt. No. 32);

WHEREAS, on December 5, 2019, Nancy Dodge-Swartz withdrew her lead plaintiff motion (Dkt. No. 35);

WHEREAS, the securities class actions have been filed against Sundial, et al. (collectively "Defendants"), alleging violations of the federal securities laws;

WHEREAS, the later filed putative class action asserts substantially the same allegations against substantially the same Defendants, omitting only the Underwriter Defendants;

WHEREAS, Federal Rule of Civil Procedure 42(a) provides that a court may order all actions consolidated if they involve "common issues of law or fact." These securities class actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation;

WHEREAS, movants recognize that they each have significant interest in any recovery sought and believe it is in the putative class' best interest that the lead plaintiff and lead counsel motions are resolved expeditiously;

WHEREAS, 0998735 BC LTD and Draiman are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the action efficiently and avoid any duplication of effort in the conduct of the litigation;

IT IS HEREBY STIPULATED, that subject to the Court's approval, 0998735 BC LTD and Draiman agree to serve as Co-Lead Plaintiffs and The Rosen Law Firm, P.A. ("Rosen") and Levi & Korsinsky, LLP ("Levi & Korsinsky") agree to serve as Co-Lead Counsel.

## CONSOLIDATION OF RELATED CASES

1. The above-captioned actions are related cases. Pursuant to Federal Rule of Civil Procedure 42(a), these cases are hereby consolidated into Civil Action No. 1:19-cv-08913-ALC for pretrial proceedings before this Court. The consolidated action shall be captioned: "In re Sundial Growers Inc. Securities Litigation."

2. For all actions subsequently filed in, or transferred to this District, that are related to the Consolidated Action by the Court, the parties (including the parties to the subsequently filed or transferred action) shall meet and confer regarding potential consolidation. If the parties ultimately stipulate to consolidation, such action will be consolidated with the Consolidated Action. If the parties are unable to agree on consolidation, the parties shall bring the matter to the Court's attention within 10 days after the subsequently filed or transferred action is related to the Consolidated Action. All related actions subsequently consolidated into the Consolidated Action shall be subject to this order.

## MASTER DOCKET AND CAPTION

3. The docket in Civil Action No. 1:19-cv-08913-ALC shall constitute the Master Docket for this action.

4. Every pleading filed in the consolidated action shall bear the following caption:

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

In re Sundial Growers Inc. Securities
Litigation

Master File No. 1:19-cv-08913-ALC

CLASS ACTION

------------------------------------------------------X

5. The file in Civil Action No. 1:19-cv-08913-ALC shall constitute a Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No. 1:19-cv-08913-ALC (Huang))."

6. The parties shall file a Notice of Related Cases whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

(a)     place a copy of this Order in the separate file for such action;

(b)     serve on plaintiff's counsel in the new case a copy of this Order;

(c)     direct that this Order be served upon defendants in the new case; and

(d)     make the appropriate entry in the Master Docket.

**APPOINTMENT OF CO-LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**

7. Having considered relevant provisions of the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B), the Court hereby determines that 0998735 BC LTD and Draiman are the most adequate plaintiffs and satisfy the requirements of the PSLRA. The Court hereby appoints 0998735 BC LTD and

Draiman as Co-Lead Plaintiffs to represent the interests of the class.

8. Pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(v), 0998735 BC LTD and Draiman have selected Rosen and Levi & Korsinsky to serve as Co-Lead Counsel. The Court approves Rosen and Levi & Korsinsky as Co-Lead Counsel.

9. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

   a.   to coordinate the briefing and argument of any and all motions;

   b.   to coordinate the conduct of any and all discovery proceedings;

   c.   to coordinate the examination of any and all witnesses in depositions;

   d.   to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e.   to call meetings of the plaintiffs' counsel as deemed necessary and appropriate from time to time;

   f.   to coordinate all settlement negotiations with counsel for defendants;

   g.   to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

   h.   to coordinate the preparation and filings of all pleadings; and

   i.   to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

10. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

11. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than the Co-Lead Plaintiffs, shall be completed upon service of Co-Lead Counsel.

12. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

Dated: December 9, 2019

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: _____
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

**LEVI & KORSINSKY, LLP**

By: *Gregory M Nespole* (with permission) PK
Gregory M. Nespole (GN-6820)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: gnespole@zlk.com

*Co-Lead Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

HAGENS BERMAN SOBOL SHAPIRO LLP
By: *Jason A. Zweig* (with permission) PK
JASON A. ZWEIG, JZ-8107

6

555 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
jasonz@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Ricardo Tristan*

By: *Stanley D. Bernstein* (with permission)
                                                   PK
**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com
          lhasson@bernlieb.com
          mguarnero@bernlieb.com

*Counsel for David Steinhafel*

**GLANCY PRONGAY & MURRAY LLP**
By: *Lesley F. Portnoy* (with permission)
                                                   PK
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530

New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lportnoy@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Counsel for Olga Svyatchenko*


SO ORDERED:

DATED: _____

_____
HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT COURT JUDGE

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on December 9, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>