# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION | Master File No. 1:19-cv-08913-ALC<br><br>This Document Relates To:<br>All Actions<br><br>This Consolidated Action Is Related To:<br>1:20-cv-03579-ALC |

## UNDERWRITER DEFENDANTS' ANSWER TO THE SECOND AMENDED CONSOLIDATED COMPLAINT

Defendants Cowen and Company, LLC ("Cowen"), BMO Nesbitt Burns Inc. ("BMO"), RBC Dominion Securities Inc. ("RBC"), Barclays Capital Canada Inc. ("Barclays"), CIBC World Markets Inc. ("CIBC"), and Scotia Captial Inc. ("Scotia" and, collectively with Cowen, BMO, RBC, Barclays, and CIBC, the "Underwriter Defendants"), by and through their undersigned counsel, hereby answer and assert affirmative defenses to the Second Amended Consolidated Complaint, dated April 30, 2020 (Dkt. No. 66) (the "Complaint"), in the above-captioned matter. The Underwriter Defendants expressly reserve the right to amend and/or supplement this Answer as may be necessary. For the sake of clarity, and unless otherwise expressly stated, the Underwriter Defendants herein uses the defined terms and phrases set forth in the Complaint. In doing so, however, the Underwriter Defendants do not concede that any such definitions are proper. The Underwriter Defendants (i) deny all of the Complaint's allegations unless expressly admitted herein and (ii) deny any averments in the headings and subheadings of the Complaint. Further answering, the Underwriter Defendants deny that this action is appropriate for class treatment. The Underwriter Defendants answer the specific allegations in the like-numbered paragraphs and subparagraphs of the Complaint as follows:

**ANSWER TO THE UNNUMBERED PARAGRAPH**

To the extent that the unnumbered paragraph on page 1 of the Complaint contains characterizations of the law and legal conclusions, no response is required. To the extent that the unnumbered paragraph on page 1 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in the unnumbered paragraph on page 1 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' alleged "personal knowledge" and

"information and belief," the alleged "investigation conducted by and through Plaintiffs' attorneys," or what Plaintiffs allegedly "believe."

## ANSWER TO THE NUMBERED PARAGRAPHS

1.      To the extent that Paragraph 1 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 1 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 1 of the Complaint and deny that this action is appropriate for class treatment, except admit that Plaintiffs purport to describe the putative class they seek to represent, and respectfully refer the Court to the statutory provisions and documents referenced in Paragraph 1 of the Complaint for the exact content and context thereof.

2.      To the extent that Paragraph 2 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 2 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 2 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 2 of the Complaint for the exact content and context thereof.

3.      To the extent that Paragraph 3 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 3 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 3 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 3 of the Complaint for the exact content and context thereof.

4.      To the extent that Paragraph 4 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 4 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 4 of the Complaint, except admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that Sundial began cultivating cannabis in 2012, that Sundial began selling cannabis in 2018, that Sundial's flagship facility is located in Olds, Alberta, and that most of Sundial's sales are to other licensed producers, and respectfully refer the Court to the documents referenced in Paragraph 4 of the Complaint for the exact content and context thereof.

5.      The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 5 of the Complaint is required to the extent that they relate to "the quality of Sundial's product."  To the extent that Paragraph 5 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 5 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve

3

as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 6 of the Complaint is required to the extent that they relate to "the quality of Sundial's product." To the extent that Paragraph 6 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 6 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      To the extent that Paragraph 7 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 7 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 7 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 7 of the Complaint for the exact content and context thereof.

8.      To the extent that Paragraph 8 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 8 of the Complaint, except admit that Sundial filed a Prospectus with the SEC on August 1, 2019, stating that Sundial was offering 11,000,000 shares at a price of $13.00 per share in its IPO, that the Underwriter Defendants collectively received commissions totalling $8,580,000 for underwriting Sundial's IPO, and that Sundial's common stock was listed for trading on the NASDAQ stock market on August 1, 2019, and respectfully refer the Court to the documents referenced in Paragraph 8 of the Complaint for the exact content and context thereof.

9.      To the extent that Paragraph 9 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 9 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     To the extent that Paragraph 10 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 10 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit that the Complaint contains allegations asserting violations of Sections 11, 12(a)(2) and 15 of the Securities Act.

11.     To the extent that Paragraph 11 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 11 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     To the extent that Paragraph 12 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 12 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 12 of the Complaint, except admit that Sundial common stock trades on the NASDAQ stock market.

13.     To the extent that Paragraph 13 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 13 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 of the Complaint contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 14 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 14 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' alleged purchases of Sundial stock.

15. To the extent that Paragraph 15 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 15 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 15 of the Complaint, except admit that Sundial is a Canadian corporation with offices in Calgary, that Sundial produces and markets cannabis products, that Sundial's common stock trades on the NASDAQ stock market under the ticker "SNDL," and that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that "Sundial's mission is to proudly craft pioneering cannabis brands to Heal, Help, and Play" and that Sundial acquired Bridge Farm Nurseries Limited in July 2019.

16. To the extent that Paragraph 16 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 16 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 16 of the Complaint, except admit that at the time of the IPO Kuenzlen was a member of Sundial's Board of Directors and was Sundial's Chief Executive Officer, and that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed

effective on July 31, 2019, which states that Kuenzlen owned 3,749,333 shares of Sundial common stock.

17.    To the extent that Paragraph 17 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 17 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit the allegations of Paragraph 17 of the Complaint.

18.    To the extent that Paragraph 18 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 18 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that at the time of the IPO Heller was Executive Chairman of Sundial's Board of Directors, and that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019 which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that Hellard owned 24,493,333 shares of Sundial common stock.

19.    To the extent that Paragraph 19 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 19 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit the allegations of Paragraph 19 of the Complaint.

20.    To the extent that Paragraph 20 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 20 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit the allegations of Paragraph 20 of the Complaint.

21.     To the extent that Paragraph 21 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 21 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit the allegations of Paragraph 21 of the Complaint.

22.     To the extent that Paragraph 22 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 22 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit the allegations of Paragraph 22 of the Complaint.

23.     To the extent that Paragraph 23 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 23 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit that Plaintiffs refer to Torsten Kuenzlen, James Keough, Edward Hellard, Greg Mills, Gregory Turnbull, Lee Tamkee, and Elizabeth Cannon collectively as the "Individual Defendants" in the Complaint, and respectfully refer the Court to the document referenced in Paragraph 23 of the Complaint for the exact content and context thereof.

24.     To the extent that Paragraph 24 of the Complaint contains characterizations of the law and legal conclusions or allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 24 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     To the extent that Paragraph 25 of the Complaint contains characterizations of the law and legal conclusions, no response is required.   To the extent that Paragraph 25 of the

Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 25 of the Complaint, and respectfully refer the Court to the statutory provision referenced in Paragraph 25 of the Complaint for the exact content and context thereof.

26.     The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 26 of the Complaint is required to the extent that they relate to "the quality of Sundial's product." To the extent that Paragraph 26 of the Complaint contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 26 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 26 of the Complaint, and respectfully refer the Court to the statutory provision and documents referenced in Paragraph 26 of the Complaint for the exact content and context thereof.

27.     Cowen denies the allegations contained in Paragraph 27 of the Complaint, except admits that it acted as an underwriter of Sundial's IPO, that it is an investment banking firm, that it has an office located at 599 Lexington Avenue, New York, NY 10022, that its registered agent for service of process in New York is Cogency Global Inc., 10 East 40th Street, 10th Floor, New York, NY 10016, and that as of September 3, 2019 Cowen or its affiliates beneficially owned 1% of more of Sundial's common stock. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, except admit that Cowen acted as an underwriter of Sundial's IPO.

28.     BMO denies the allegations contained in Paragraph 28 of the Complaint, except admits that it acted as an underwriter of Sundial's IPO, that it is an investment banking firm, and that it has an office located at 100 King Street West, Toronto, Ontario M5X 1H3, Canada.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, except admit that BMO acted as an underwriter of Sundial's IPO.

29.     RBC denies the allegations contained in Paragraph 29 of the Complaint, except admits that it acted as an underwriter of Sundial's IPO, that it is an investment banking firm, and that it has an office located at 200 Bay Street, Suite 400, South Tower, Toronto, Ontario M5J 2W7, Canada.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except admit that RBC acted as an underwriter of Sundial's IPO.

30.     Barclays denies the allegations contained in Paragraph 30 of the Complaint, except admits that it acted as an underwriter for Sundial's IPO, that it is an investment banking firm, and that it has an office located at 333 Bay Street, Toronto, Ontario M5H 2R2, Canada.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, except admit that Barclays acted as an underwriter in Sundial's IPO.

31.     CIBC denies the allegations contained in Paragraph 31 of the Complaint, except admits that it acted as an underwriter of Sundial's IPO, that it is an investment banking firm, and that it has an office located at 161 Bay Street, Brookfield Place, Toronto, Ontario M5J 2S8, Canada.  The remaining Underwriter Defendants deny knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, except admit that CIBC acted as an underwriter of Sundial's IPO.

32.    Scotia denies the allegations contained in Paragraph 32 of the Complaint, except admits that it acted as an underwriter of Sundial's IPO, that it is an investment banking firm, and that it has an office located at 40 King Street West Scotia Plaza 68th Floor, Toronto, Ontario M5W 2X6, Canada.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, except admit that Scotia acted as an underwriter of Sundial's IPO.

33.    The Underwriter Defendants admit that Sundial filed a Form 6-K with the SEC on August 1, 2019 stating that Cowen, BMO, and RBC were joint book-running managers, that Barclays and CIBC were bookrunners, and that Scotia was co-manager for Sundial's IPO.

34.    The Underwriter Defendants deny the allegations contained in Paragraph 34 of the Complaint, except admit that Plaintiffs refer to Cowen, BMO, RBC, Barclays, CIBC, and Scotia collectively as the "Underwriter Defendants" in the Complaint.

35.    The Underwriter Defendants deny the allegations contained in Paragraph 35 of the Complaint, except admit that they conducted a due diligence investigation into Sundial.

36.    The Underwriter Defendants deny the allegations contained in Paragraph 36 of the Complaint, except admit that they conducted a due diligence investigation into Sundial and respectfully refer the Court to the documents referenced in Paragraph 36 of the Complaint for the exact content and context thereof.

37.    To the extent that Paragraph 37 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 37 of the

Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.    The Underwriter Defendants admit that that Plaintiffs refer to the Individual Defendants and the Underwriter Defendants collectively as the "Defendants" in the Complaint.

39.    To the extent that Paragraph 39 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 39 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 39 of the Complaint, except admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that "Sundial's mission is to proudly craft pioneering cannabis brands to Heal, Help, and Play" and that Sundial produces and markets "premium cannabis."

40.    To the extent that Paragraph 40 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 40 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, except admit that that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that Sundial was founded in 2006, originally produced cucumbers, and operates a facility in Olds, Alberta, and respectfully refer the Court to the Registration Statement for the exact content and context thereof.

41.     To the extent that Paragraph 41 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 41 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, except admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that on October 31, 2017, Hellard purchased 800,000 shares of Sundial stock from Unser and 2,400,000 shares from Swiatek, that on January 15, 2018, Sundial entered into an Investment and Royalty Agreement with 2082033 Alberta Ltd., which is controlled by Hellard, and subsequently amended and restated this agreement on August 16, 2018, that as of March 31, 2019, $10.9 million had been invested under this agreement in consideration for the issuance of 7,149,035 shares of Sundial stock to Hellard, that Hellard purchased an additional 4,000,000 shares of Sundial stock from Unser and Swiatek in early 2018, that Sundial issued 50,963 shares to Hellard in July 2019 in consideration for advancing the remaining funds available to be advanced under the Investment and Royalty Agreement, that Hellard was entitled to 3,680,000 shares and 480,000 share purchase warrants in connection with the termination of the Investment and Royalty Agreement upon consummation of the IPO, and that Hellard owned 24,493,333 shares of Sundial stock, and respectfully refer the Court to the Registration Statement for the exact content and context thereof.

42.     To the extent that Paragraph 42 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 42 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the

13

allegations contained in Paragraph 42 of the Complaint, except admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that Swiatek was a founder and former director of Sundial and that on June 1, 2018, Sundial entered into an agreement to repurchase 9,815,701 shares of Sundial stock from a company controlled by Swiatek, and respectfully refer the Court to the Registration Statement for the exact content and context thereof.

43.     To the extent that Paragraph 43 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 43 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 44 of the Complaint is required to the extent that they relate to "the quality of Sundial's product."  To the extent that Paragraph 44 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 44 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

14

45. The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 45 of the Complaint is required to the extent that they relate to "the quality of Sundial's product." To the extent that Paragraph 45 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 45 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. To the extent that Paragraph 46 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required. To the extent that Paragraph 46 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. To the extent that Paragraph 47 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 47 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. To the extent that Paragraph 48 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 48 of the Complaint contains

factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 48 of the Complaint, and respectfully refer the Court to the document referenced in Paragraph 48 of the Complaint for the exact content and context thereof.

49.     To the extent that Paragraph 49 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 49 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 49 of the Complaint and respectfully refer the Court to IFRS 15 for the exact content and context thereof.

50.     To the extent that Paragraph 50 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 50 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 50 of the Complaint, except admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which includes certain estimated preliminary financial results for the three months ended June 30, 2019, including estimated gross revenue of between $19 million and $21 million and estimated net revenue of between $18 million and $20 million, and that Sundial filed a Form 6-K with the SEC on August 14, 2019, which states that Sundial earned gross revenues of $20.3 million and net revenues of $19.3 million for the three months ended June 30, 2019, and respectfully refer the Court to the documents referenced in Paragraph 50 of the Complaint for the exact content and context thereof.

51.     To the extent that Paragraph 51 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 51 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     To the extent that Paragraph 52 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 52 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 52 of the Complaint, except admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, and respectfully refer the Court to the documents referenced in Paragraph 52 of the Complaint for the exact content and context thereof.

53.     To the extent that Paragraph 53 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 53 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 53 of the Complaint, except admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, and respectfully refer the Court to the document referenced in Paragraph 53 of the Complaint for the exact content and context thereof.

54.     To the extent that Paragraph 54 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 54 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 54 of the Complaint, except admit that

Sundial filed an amended Registration Statement of Form F-1 with the SEC on July 23, 2019, stating that Sundial expected to offer 10,000,000 shares at a price of $12.00 to $14.00 per share in its IPO, and respectfully refer the Court to the documents referenced in Paragraph 54 of the Complaint for the exact content and context thereof.

55.     To the extent that Paragraph 55 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 55 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 55 of the Complaint, except admit that Sundial filed a Prospectus with the SEC on August 1, 2019, stating that Sundial was offering 11,000,000 shares at a price of $13.00 per share in its IPO, that Sundial filed a Form 6-K with the SEC on August 1, 2019, stating that copies of the Prospectus may be obtained from Cowen, c/o Broadridge Financial Services, 1155 Long Island Avenue, Edgewood, NY 11717, that Sundial filed a Form 6-K with the SEC on August 7, 2019, stating that Sundial had sold 11,000,000 shares of Sundial stock in its IPO at a price of $13.00 per share, for gross proceeds of $143,000,000, and that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that Sundial was paying the Underwriter Defendants a commission of $8,580,000, and respectfully refer the Court to the documents referenced in Paragraph 55 of the Complaint for the exact content and context thereof.

56.     To the extent that Paragraph 56 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 56 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit the allegations of Paragraph 56 of the Complaint.

57.	To the extent that Paragraph 57 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 57 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 57 of the Complaint for the exact content and context thereof.

58.	To the extent that Paragraph 58 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 58 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.	To the extent that Paragraph 59 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 59 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which states that: "For the three months ended June 30, 2019, we expect our gross revenue to be between $19.0 million and $21.0 million and net revenue to be between $18.0 million and $20.0 million compared to gross revenue and net revenue of $1.7 million and $1.5 million, respectively, for the three months ended March 31, 2019 (we did not have any gross revenue or net revenue in the comparative three months ended June 30, 2018)."  The Underwriter Defendants

19

respectfully refer the Court to the documents referenced in Paragraph 59 of the Complaint for the exact content and context thereof.

60.     To the extent that Paragraph 60 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 60 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 60 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of any statements allegedly made by Kuenzlen to the Board of Directors, and respectfully refer the Court to the documents referenced in Paragraph 60 of the Complaint for the exact content and context thereof.

61.     To the extent that Paragraph 61 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 61 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which contains the language quoted in Paragraph 61 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 61 of the Complaint for the exact content and context thereof.

62.     To the extent that Paragraph 62 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 62 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 62 of the Complaint, except deny knowledge or information

20

sufficient to form a belief as to the truth of the allegations regarding the contents of any statements allegedly made by Kuenzlen to the Board of Directors, and respectfully refer the Court to the documents referenced in Paragraph 62 of the Complaint for the exact content and context thereof.

63.    The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 63 of the Complaint is required to the extent that they relate to "the quality of Sundial's product."  To the extent that Paragraph 63 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 63 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which contains the language quoted in Paragraph 63 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 63 of the Complaint for the exact content and context thereof.

64.    The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 64 of the Complaint is required to the extent that they relate to "the quality of Sundial's product."  To the extent that Paragraph 64 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 64 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny knowledge

21

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 64 of the Complaint for the exact content and context thereof.

65.    The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 65 of the Complaint is required to the extent that they relate to "the quality of Sundial's product."  To the extent that Paragraph 65 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 65 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants admit that Sundial filed a Registration Statement on Form F-1 with the SEC on July 5, 2019 which Sundial amended on July 23 and July 30, 2019, and the SEC deemed effective on July 31, 2019, which contains the language quoted in Paragraph 65 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 65 of the Complaint for the exact content and context thereof.

66.    The Underwriter Defendants state that because the Court's March 30, 2021 ruling concluded that "the challenged statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws," no response to the allegations contained in Paragraph 66 of the Complaint is required to the extent that they relate to "the quality of Sundial's product."  To the extent that Paragraph 66 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 66 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in the fourth sentence of Paragraph 66, deny knowledge or information

22

sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences of Paragraph 66 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 66 of the Complaint for the exact content and context thereof.

67.    To the extent that Paragraph 67 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 67 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.    To the extent that Paragraph 68 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 68 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 68 of the Complaint and deny that this action is appropriate for class treatment, except admit that Plaintiffs purport to describe the putative class they seek to represent.

69.    To the extent that Paragraph 69 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 69 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 69 of the Complaint and deny that this action is appropriate for class treatment.

70.    To the extent that Paragraph 70 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 70 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 70 of the Complaint and deny that this action is appropriate for class treatment.

71.     To the extent that Paragraph 71 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 71 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 71 of the Complaint and deny that this action is appropriate for class treatment.

72.     To the extent that Paragraph 72 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 72 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 72 of the Complaint and deny that this action is appropriate for class treatment.

73.     To the extent that Paragraph 73 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 73 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 73 of the Complaint and deny that this action is appropriate for class treatment.

74.     To the extent that Paragraph 74 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  In response to Paragraph 74 of the Complaint, the Underwriter Defendants incorporate their previous responses to each and every allegation contained in Paragraphs 1 through 73 and the unnumbered paragraph on page 1 of the Complaint as if fully set forth herein.

75.     To the extent that Paragraph 75 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 75 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants

24

deny the allegations contained in Paragraph 75 of the Complaint, except admit that the Complaint contains a claim pursuant to Section 11 of the Securities Act, against all Defendants purportedly on behalf of the putative class that Plaintiffs seek to represent.

76.  To the extent that Paragraph 76 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 76 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.  To the extent that Paragraph 77 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 77 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 77 of the Complaint, and respectfully refer the Court to the document referenced in Paragraph 77 of the Complaint for the exact content and context thereof.

78.  To the extent that Paragraph 78 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 78 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 78 of the Complaint, except admit that the Underwriter Defendants served as underwriters in connection with the IPO, and respectfully refer the Court to the document referenced in Paragraph 78 of the Complaint for the exact content and context thereof.

79.  To the extent that Paragraph 79 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 79 of the

Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. To the extent that Paragraph 80 of the Complaint contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 80 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 80 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged acquisition of Sundial common stock.

81. The Underwriter Defendants admit the allegations of Paragraph 81 of the Complaint.

82. To the extent that Paragraph 82 of the Complaint contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 82 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, the Underwriter Defendants incorporate their previous responses to each and every allegation contained in Paragraphs 1 through 82 and the unnumbered paragraph on page 1 of the Complaint as if fully set forth herein.

84. To the extent that Paragraph 84 of the Complaint contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 84 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 84 of the Complaint, and respectfully refer the Court to the documents referenced in Paragraph 84 of the Complaint for the exact content and context thereof.

85.     To the extent that Paragraph 85 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 85 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 85 of the Complaint and respectfully refer the Court to the document referenced in Paragraph 85 of the Complaint for the exact content and context thereof.

86.     To the extent that Paragraph 86 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 86 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     To the extent that Paragraph 87 of the Complaint contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 87 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     To the extent that Paragraph 88 of the Complaint contains allegations that are not directed at the Underwriter Defendants, no response is required.  To the extent that Paragraph 88 contains factual allegations to which a response is required, the Underwriter Defendants incorporate their previous responses to each and every allegation contained in Paragraphs 1 through 87 and the unnumbered paragraph on page 1 of the Complaint as if fully set forth herein.

89.     To the extent that Paragraph 89 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 89 of the Complaint contains

27

factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     To the extent that Paragraph 90 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 90 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     To the extent that Paragraph 91 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 91 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     To the extent that Paragraph 92 of the Complaint contains allegations that are not directed at the Underwriter Defendants or contains characterizations of the law and legal conclusions, no response is required.  To the extent that Paragraph 92 of the Complaint contains factual allegations to which a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 92 of the Complaint.

## ANSWER TO THE PRAYER FOR RELIEF

Answering Plaintiffs' prayer for relief, the Underwriter Defendants deny that this action is appropriate for class treatment or that Plaintiffs are entitled to any relief from the Underwriter Defendants.

## ANSWER TO THE JURY DEMAND

28

Answering Plaintiffs' demand for a jury trial, the Underwriter Defendants deny that Plaintiffs have a right to a jury trial as to the Underwriter Defendants, except admit that Plaintiffs have asserted a demand for a jury trial.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, the Underwriter Defendants assert the following affirmative and other defenses.

**FIRST AFFIRMATIVE DEFENSE**

The claims asserted against the Underwriter Defendants under Section 11 of the Securities Act fail to allege facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have failed to plead its claims against the Underwriter Defendants with particularity.

**THIRD AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs because the Registration Statement or Prospectus did not contain any untrue statement of material fact and bespoke caution about the risks of investing in Sundial, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others or for any statements not contained in the Registration Statement or Prospectus.

29

## FOURTH AFFIRMATIVE DEFENSE

The facts that the Complaint alleges were misrepresented or omitted were forward-looking statements and are rendered non-actionable by the safe harbor set forth in Section 27A of the Securities Act and under the "bespeaks caution" doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue under the Securities Act, including to assert claims against the Underwriter Defendants under Section 11 and/or Section 12(a)(2) of the Securities Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred in whole or in part because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted in the Registration Statement or Prospectus, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the Registration Statement or Prospectus.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because the allegedly untrue statements of material fact and/or omissions of material fact in the Registration Statement or Prospectus were not material to the investment decisions of a reasonable investor.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery under Section 11 or Section 12(a)(2) of the Securities Act from the Underwriter Defendants because the Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

30

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery under Section 11 or Section 12(a)(2) of the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the exercise of reasonable care could not have known, of the alleged misstatements or omissions of fact in the Registration Statement or Prospectus.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class members are not entitled to any recovery under Section 11 or Section 12(a)(2) of the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, at the time the Registration Statement or Prospectus became effective, that the statements in the Registration Statement or Prospectus were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class members are not entitled to any recovery from the Underwriter Defendants because, with respect to the portions of the Registration Statement or Prospectus purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such parts of the Registration Statement or Prospectus became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such parts of the Registration Statement or Prospectus did not fairly represent the statements of the experts.

31

**TWELFTH AFFIRMATIVE DEFENSE**

Any damages or injuries suffered by Plaintiffs or the putative class were not legally caused by any act or omission on the part of the Underwriter Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any damages or injuries suffered by Plaintiffs or the putative class are the proximate result, either in whole or in part, of acts or omissions of persons or entities other than the Underwriter Defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If and to the extent that the Registration Statement or Prospectus and materials incorporated therein are determined to have contained false or misleading statements (which the Underwriter Defendants deny), Plaintiffs and members of the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the offered securities and bars any recovery to the extent thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants under Section 11 or Section 12(a)(2) of the Securities Act because the damages alleged represent something other than the depreciation in value of the offered securities resulting from such part of the Registration Statement or Prospectus, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## SIXTEENTH AFFIRMATIVE DEFENSE

If and to the extent that the Registration Statement or Prospectus and materials incorporated therein are found to have false or misleading statements (which the Underwriter Defendants deny), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under Section 11 or Section 12(a)(2) of the Securities Act because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Sundial's own public filings and announcements, in the Registration Statement or Prospectus, and in other sources that were publicly available and/or widely known to the market or to the investing community.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Other parties not named in the Complaint may be indispensable parties to this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing Sundial securities.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by its own actions, omissions, and/or negligence.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs or others (including the non-Underwriter Defendants) over which the Underwriter Defendants had no control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Underwriter Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misrepresentations, omissions, or conduct alleged in the Section 11 claim or the Section 12(a)(2) claim against the Underwriter Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased Sundial securities with actual or constructive knowledge of the risks involved in an investment in Sundial securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class would have purchased Sundial securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

34

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs do not meet the adequacy or typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint.  Plaintiffs and the putative class failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

None of the Underwriter Defendants is liable under Section 11 or Section 12(a)(2) of the Securities Act for damages in excess of the total price at which the specific securities underwritten and distributed by such underwriter to the public were offered to the public.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and members of the putative class against the Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

## THIRTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and members of the putative class against the Underwriter Defendants are barred in whole or in part because of inequitable conduct and unclean hands.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and members of the putative class purchased Sundial securities in the secondary market that are not traceable to the Registration Statement or Prospectus and/or that were not sold or purchased in the United States, they are not entitled to any recovery from the Underwriter Defendants.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and members of the putative class purchased Sundial securities from individuals or entities other than the Underwriter Defendants, they are not entitled to any recovery from the Underwriter Defendants.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because at all relevant times the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from the Underwriter Defendants because one or more members of the putative class, and/or the SEC, and/or other federal and state regulatory agencies or entities, ratified the alleged wrongful acts and omissions alleged in the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part because the purported misstatements or omissions alleged in the Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Sundial securities at issue did not trade in an efficient market.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The alleged statements and omissions complained of did not impact the price of Sundial securities.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The fraud on the market theory is not a basis of liability with respect to the claims against the Underwriter Defendants under Section 11and Section 12(a)(2) of the Securities Act.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a presumption of reliance because the claims against the Underwriter Defendants under Section 11 and Section 12(a)(2) of the Securities Act are not predicated on omissions of material fact that Defendants were under a duty to disclose.

### FORTIETH AFFIRMATIVE DEFENSE

The Underwriter Defendants deny that Plaintiffs are entitled to prejudgment or post-judgment interest, as well as its reasonable attorneys' fees, expert fees and other costs, or any other fees or costs sought in the prayer for relief or otherwise in the Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and allegations are improperly vague, ambiguous, and confusing. The Underwriter Defendants reserve the right to request a more definite statement.

### FORTY-SECOND AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations, statute of repose, or other limitations period.

## FORTY-THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the former Sundial employees described in the Complaint never made the statements they are alleged to have made and those alleged statements should be stricken from the Complaint.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

This action is "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The Underwriter Defendants adopt by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein, of which they may become aware through discovery or other investigation, as may be appropriate at a later time.  The inadvertent or unintentional failure by the Underwriter Defendants to assert any defense not asserted herein shall not be deemed a waiver in whole or in part of that defense.

## FOURTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted against the Underwriter Defendants under Section 12(a)(2) of the Securities Act fail to allege facts sufficient to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, the Underwriter Defendants respectfully request judgment in their favor and against Plaintiffs as follows:

1.    Dismissing the Complaint with prejudice;

2.      Awarding the Underwriter Defendants the costs of defending this action, including but not limited to reasonable attorneys' fees, expert fees, and other costs; and

3.      Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 14, 2021

Respectfully submitted,

*/s/ Mark Holland*
Mark Holland
(mholland@goodwinlaw.com)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Phone: (212) 813-8800

Caroline H. Bullerjahn
(cbullerjahn@goodwinlaw.com)
Katherine Dacey
(kdacey@goodwinlaw.com)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 002210
Phone: (617) 570-1359

Ezekiel L. Hill
(ehill@goodwinlaw.com)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
Phone: (202) 346-4000

*Attorneys for Defendants Cowen and Company, LLC, BMO Nesbitt Burns Inc., RBC Dominion Securities Inc., Barclays Capital Canada Inc., CIBC World Markets Inc. and Scotia Capital Inc.*