**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION | Master File No. 1:19-cv-08913-ALC |
| | This Document Relates To: All Actions |
| | This Consolidated Action Is Related To: 1:20-cv-03579-ALC |

**SUNDIAL DEFENDANTS' ANSWER AND**
**AFFIRMATIVE AND OTHER DEFENSES TO THE**
**SECOND AMENDED CONSOLIDATED COMPLAINT**

Defendants Sundial Growers Inc. ("Sundial"), Torsten Kuenzlen, James Keough, Edward Hellard, Greg Mills, Gregory Turnbull, Lee Tamkee, and Elizabeth Cannon (collectively, the "Individual Defendants," and together with Sundial the "Sundial Defendants"), by and through their undersigned counsel, answer plaintiffs' Second Amended Consolidated Complaint (Dkt. No. 66) (the "Complaint"), dated May 27, 2020, as follows:[1]

**INTRODUCTION**

Except as otherwise expressly admitted in paragraphs 1 through 92, below, the Sundial Defendants deny each and every allegation of paragraphs 1 through 92 of the Complaint, and specifically deny any and all wrongdoing and/or liability to plaintiffs and members of the purported class of persons on whose behalf this action is said to be brought. To the extent any allegation in the Complaint is not specifically and expressly admitted, it is denied. To the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer, and this

---

[1]   For the sake of clarity, and unless otherwise expressly stated, the Sundial Defendants herein use the defined terms and phrases set forth in the Complaint. In so doing, however, the Sundial Defendants do not concede that any such definitions are proper.

Answer contains no response to legal contentions other than their general denial.  To the extent any response is required to the table of contents, headings, footnotes, or other unnumbered paragraphs in the Complaint, the Sundial Defendants deny all allegations of wrongdoing and/or liability to plaintiffs contained therein.

The Sundial Defendants' responses are made upon information and belief and may change subject to further investigation.  The Sundial Defendants expressly reserve the right to amend their Answer, or seek leave to amend their Answer, and to modify and/or assert all claims, defenses, counterclaims and third-party claims permitted by law.  The Sundial Defendants deny that the first paragraph of the Complaint requires a response.  To the extent a response is required, the Sundial Defendants deny the allegations in the first paragraph.  Further, on March 30, 2021, the Court dismissed plaintiffs' Section 12(a)(2) claim against Sundial and held that statements regarding the quality of Sundial's product cannot serve as the basis for liability under the securities laws, and no response to those allegations is required.

**SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE SECOND AMENDED CONSOLIDATED COMPLAINT**

1.      The Sundial Defendants deny the allegations in paragraph 1 of the Complaint except admit that plaintiffs purport to bring a securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Sundial common stock pursuant and/or traceable to the Offering Documents.

2.      The Sundial Defendants deny the allegations in paragraph 2 of the Complaint.

3.      The Sundial Defendants state that to the extent that the allegations in paragraph 3 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 3 of the Complaint except admit that Sundial raised approximately $134.4 million in the August 1, 2019

IPO and that Sundial filed the Offering Documents with the SEC.

4.    The Sundial Defendants admit the allegations in the first and third sentences of paragraph 4 of the Complaint.  The Sundial Defendants deny that the allegations in the second sentence of paragraph 4 accurately describe Sundial's current business but admit that at certain times in the past a majority of Sundial's sales were to other licensed cannabis producers.

5.    The Sundial Defendants state that to the extent that the allegations in paragraph 5 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 5, except lack knowledge or information sufficient to form a belief as to the contents of statements attributed to unnamed former employees.

6.    The Sundial Defendants deny the allegations in paragraph 6 of the Complaint.

7.    The Sundial Defendants deny the allegations in paragraph 7 of the Complaint.

8.    The Sundial Defendants admit the allegations in paragraph 8 of the Complaint except deny that Sundial filed both Offering Documents with the SEC on August 1, 2019.

9.    The Sundial Defendants deny the allegations in paragraph 9 of the Complaint.

10.    The Sundial Defendants state that to the extent that the allegations in paragraph 10 of the Complaint consist of legal conclusions, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 10 except admit that plaintiffs purport to assert claims pursuant to the statutes cited therein.

11.    The Sundial Defendants state that to the extent that the allegations in paragraph 11 of the Complaint consist of legal conclusions, no response is required.  To the extent a response is required, the Sundial Defendants admit that plaintiffs purport to invoke the jurisdiction of this Court pursuant to the statutes cited therein.

12.    The Sundial Defendants state that to the extent that the allegations in paragraph 12

of the Complaint consist of legal conclusions, no response is required.  To the extent a response is required, the Sundial Defendants admit that plaintiffs purport to assert that venue is proper in this Judicial District pursuant to the statute cited therein and admit that Sundial securities are traded on the Nasdaq exchange.

13.     The Sundial Defendants deny the allegations in paragraph 13 of the Complaint.

14.     The Sundial Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     The Sundial Defendants admit that Sundial is incorporated under the laws of the Province of Alberta and maintains its principal executive offices at #200, 919 – 11 Avenue SW, Calgary, AB T2R 1P3, Canada.  The Sundial Defendants further admit that Sundial's stated mission is to craft cannabis brands to "Heal, Help and Play," that Sundial maintains facilities in Canada, that Sundial acquired Bridge Farm Group in July 2019, and that Sundial's common stock is listed on the Nasdaq exchange under the ticker "SNDL."  The Sundial Defendants otherwise deny the allegations in paragraph 15 of the Complaint.

16.     The Sundial Defendants admit the allegations in paragraph 16 of the Complaint.

17.     The Sundial Defendants admit the allegations in paragraph 17 of the Complaint.

18.     The Sundial Defendants admit the allegations in paragraph 18 of the Complaint.

19.     The Sundial Defendants admit the allegations in paragraph 19 of the Complaint.

20.     The Sundial Defendants admit the allegations in paragraph 20 of the Complaint.

21.     The Sundial Defendants admit the allegations in paragraph 21 of the Complaint.

22.     The Sundial Defendants admit the allegations in paragraph 22 of the Complaint.

23.     The Sundial Defendants state that to the extent that the allegations in paragraph 23 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 23 of the

Complaint except admit that plaintiffs refer to the individuals named in paragraph 23 of the Complaint as the "Individual Defendants."

24.     The Sundial Defendants state that to the extent that the allegations in paragraph 24 of the Complaint consist of legal conclusions and characterizations, no response is required. To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 24 of the Complaint.

25.     The Sundial Defendants state that to the extent that the allegations in paragraph 25 of the Complaint consist of legal conclusions and characterizations, no response is required. To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 25 of the Complaint.

26.     The Sundial Defendants deny the allegations in paragraph 26 of the Complaint.

27.     The Sundial Defendants state that to the extent that the allegations in paragraph 27 of the Complaint are not directed to the Sundial Defendants, no response is required. To the extent a response is required, the Sundial Defendants admit that Cowen is an investment banking firm that acted as an underwriter in connection with Sundial's IPO. The Sundial Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

28.     The Sundial Defendants state that to the extent that the allegations in paragraph 28 of the Complaint are not directed to the Sundial Defendants, no response is required. To the extent a response is required, the Sundial Defendants admit that BMO was an investment banking firm that acted as an underwriter in connection with Sundial's IPO. The Sundial Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

29.     The Sundial Defendants state that to the extent that the allegations in paragraph 29

of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants admit that RBC is an investment banking firm that acted as an underwriter in connection with Sundial's IPO.  The Sundial Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30.    The Sundial Defendants state that to the extent that the allegations in paragraph 30 of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants admit that Barclays is an investment banking firm that acted as an underwriter in connection with Sundial's IPO.  The Sundial Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30.

31.    The Sundial Defendants state that to the extent that the allegations in paragraph 31 of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants admit that CIBC is an investment banking firm that acted as an underwriter in connection with Sundial's IPO.  The Sundial Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32.    The Sundial Defendants state that to the extent that the allegations in paragraph 32 of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants admit that Scotia is an investment banking firm that acted as an underwriter with respect to Sundial's IPO.  The Sundial Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33.    The Sundial Defendants state that to the extent that the allegations in paragraph 33

of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants refer the Court to the Offering Documents for a description of the Underwriter Defendants' roles in the IPO and the underwriting arrangements related thereto and deny any inconsistent allegations in paragraph 33 of the Complaint.

34.    The Sundial Defendants state that to the extent that the allegations in paragraph 34 of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 34 of the Complaint except admit that plaintiffs purport to refer to Cowen, BMO, RBC, Barclays, CIBC, and Scotia in the Complaint as the "Underwriter Defendants."

35.    The Sundial Defendants state that to the extent that the allegations in paragraph 35 of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants refer the Court to the Offering Documents for a description of the Underwriter Defendants' roles in the IPO and the underwriting arrangements related thereto and deny any inconsistent allegations in paragraph 35 of the Complaint.

36.    The Sundial Defendants state that to the extent that the allegations in paragraph 36 of the Complaint are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in the second sentence of paragraph 36 and otherwise refer the Court to the Offering Documents for a description of the Underwriter Defendants' roles in the IPO and the underwriting arrangements related thereto and deny any inconsistent allegations in the first sentence of paragraph 36.

37.    The Sundial Defendants state that to the extent that the allegations in paragraph 37 of the Complaint consist of legal conclusions and characterizations, or are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in the second sentence of paragraph 37 and otherwise refer the

Court to the Offering Documents for a description of the Underwriter Defendants' roles in the IPO and the underwriting arrangements related thereto and deny any inconsistent allegations in the first sentence of paragraph 37.

38.     The Sundial Defendants admit that plaintiffs purport to refer to Sundial, the Individual Defendants and the Underwriter Defendants collectively as the "Defendants" in the Complaint.

39.     The Sundial Defendants admit that Sundial's stated mission is to craft cannabis brands to "Heal, Help and Play," and further refer the Court to the Offering Documents for an accurate description of Sundial's business at the time of the IPO.

40.     The Sundial Defendants admit that Sundial was incorporated in 2006, that Stanley Swiatek was a founder of Sundial, that Sundial originally produced cucumbers, that the production facility was repurposed in 2012 and was used by medical cannabis producers licensed under the Medical Marihuana Access Regulations, and that a groundbreaking ceremony for the Olds Facility was held in July 2017.  The Sundial Defendants further refer the Court to the Offering Documents for an accurate description of Sundial's business at the time of the IPO.

41.     The Sundial Defendants state that to the extent that the allegations in paragraph 41 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants admit that Mr. Hellard was Sundial's largest shareholder at the time of the IPO, deny that the allegations in paragraph 41 completely and accurately describe the transactions referenced therein, and refer to the Offering Documents for a complete and accurate description of those transactions.

42.     The Sundial Defendants admit the allegations in paragraph 42 of the Complaint.

43.     The Sundial Defendants admit the allegations in paragraph 43 of the Complaint, except state that the second sentence of paragraph 43 references Sundial's stated plan as of October

2018 and refer the Court to the Offering Documents for an accurate description of the Olds Facility and Sundial's business at the time of the IPO.

44.　　The Sundial Defendants deny the allegations in paragraph 44 of the Complaint, except lack knowledge or information sufficient to form a belief as to the contents of statements attributed to unnamed former employees.

45.　　The Sundial Defendants deny the allegations in paragraph 45 of the Complaint.

46.　　The Sundial Defendants deny the allegations in paragraph 46 of the Complaint.

47.　　The Sundial Defendants deny the allegations in paragraph 47 of the Complaint.

48.　　The Sundial Defendants deny the allegations in paragraph 48 of the Complaint.

49.　　The Sundial Defendants state that to the extent that the allegations in paragraph 49 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 49 except admit that IFRS 15 contains the language cited in subparagraphs a through e of paragraph 49.

50.　　The Sundial Defendants refer the Court to the Registration Statement cited in paragraph 50 of the Complaint for a complete and accurate description of its contents and deny any inconsistent allegations in paragraph 50 of the Complaint.

51.　　The Sundial Defendants deny the allegations in paragraph 51 of the Complaint.

52.　　The Sundial Defendants admit the allegations in paragraph 52 of the Complaint.

53.　　The Sundial Defendants deny the allegations in paragraph 53 of the Complaint except admit that Sundial filed the Registration Statement on Form F-1 with the SEC on July 5, 2019, which Sundial amended on July 23, 2019 and July 30, 2019.  The Sundial Defendants further refer the Court to the Registration Statement for a complete and accurate description of its contents and deny any inconsistent allegations in paragraph 53 of the Complaint.

54.　　The Sundial Defendants admit that in July 2019, Sundial announced that it was

9

offering 10,000,000 common shares at a price estimated to be between $12.00 to $14.00 per share.

55.    The Sundial Defendants state that the IPO closed on August 6, 2019 and further refer the Court to the Offering Documents for a complete and accurate description of their contents and deny any inconsistent allegations in paragraph 55 of the Complaint.

56.    The Sundial Defendants admit the allegations in paragraph 56 of the Complaint.

57.    The Sundial Defendants deny the allegations in paragraph 57 of the Complaint.

58.    The Sundial Defendants lack knowledge or information sufficient to form a belief as to the contents of the statement purportedly excerpted from an unnamed source in paragraph 58 of the Complaint.  The Sundial Defendants otherwise deny the allegations in paragraph 58, and further deny that the statement purportedly excerpted in paragraph 58 accurately describes Sundial's practices.

59.    The Sundial Defendants deny the allegations in paragraph 59 of the Complaint except admit that the Prospectus contained the statement cited.  The Sundial Defendants also refer the Court to the Offering Documents for a complete and accurate description of their contents and deny any inconsistent allegations in paragraph 59.

60.    The Sundial Defendants deny the allegations in paragraph 60 of the Complaint.

61.    The Sundial Defendants deny the allegations in paragraph 61 of the Complaint except admit that the financial statements annexed to the Prospectus contained the statements cited but that the first quoted portion in paragraph 61 is from the historical financial statements of an entity later acquired by Sundial.  The Sundial Defendants also refer the Court to the Offering Documents for a complete and accurate description of their contents and deny any inconsistent allegations in paragraph 61.

62.    The Sundial Defendants deny the allegations in paragraph 62 of the Complaint.

63.    The Sundial Defendants state that to the extent that the allegations in paragraph 63

of the Complaint relate to allegations or claims that have been dismissed by the Court, no response is required.  To the extent a response is required, the Sundial Defendants admit that the Offering Documents contained the statement cited in paragraph 63 of the Complaint and refer the Court to the Offering Documents for a complete and accurate description of their contents.

64.    The Sundial Defendants state that to the extent that the allegations in paragraph 64 of the Complaint relate to allegations or claims that have been dismissed by the Court, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 64 of the Complaint.

65.    The Sundial Defendants state that to the extent that the allegations in paragraph 65 of the Complaint relate to allegations or claims that have been dismissed by the Court, no response is required.  To the extent a response is required, the Sundial Defendants admit that the Offering Documents contained the language cited in paragraph 65 of the Complaint, and otherwise refer to the Offering Documents for a complete and accurate description of their contents.

66.    The Sundial Defendants state that to the extent that the allegations in paragraph 66 of the Complaint relate to allegations or claims that have been dismissed by the Court, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 66 of the Complaint.

67.    The Sundial Defendants state that to the extent that the allegations in paragraph 67 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants admit that this action was brought within three years of the IPO and otherwise deny the allegations in paragraph 67.

68.    The Sundial Defendants state that to the extent that the allegations in paragraph 68 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants admit that plaintiffs purport to bring this

action as a class action as described in paragraph 68, and otherwise deny the allegations in paragraph 68.

69.     The Sundial Defendants state that to the extent that the allegations in paragraph 69 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 69 of the Complaint, except admit that there are greater than 83 million shares of Sundial common stock outstanding and lack knowledge or information sufficient to form a belief as to the number of persons holding Sundial common stock.

70.     The Sundial Defendants state that to the extent that the allegations in paragraph 70 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 70 of the Complaint.

71.     The Sundial Defendants state that to the extent that the allegations in paragraph 71 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 71 of the Complaint.

72.     The Sundial Defendants state that to the extent that the allegations in paragraph 72 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 72 of the Complaint.

73.     The Sundial Defendants state that to the extent that the allegations in paragraph 73 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 73 of the Complaint.

74.     The Sundial Defendants repeat and incorporate by reference each of their responses as if set forth herein.  The Sundial Defendants also state that to the extent that the allegations in paragraph 74 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 74 of the Complaint.

75.     The Sundial Defendants state that to the extent that the allegations in paragraph 75 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 75 of the Complaint except admit that plaintiffs purport to bring a cause of action pursuant to Section 11 of the Securities Act.

76.     The Sundial Defendants deny the allegations in paragraph 76 of the Complaint.

77.     The Sundial Defendants state that to the extent that the allegations in paragraph 77 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 77 of the Complaint except admit that Sundial is a foreign private issuer.

78.     The Sundial Defendants state that to the extent that the allegations in paragraph 78 of the Complaint consist of legal conclusions and characterizations or are not directed to the Sundial Defendants, no response is required.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 78 of the Complaint except admit that the Underwriter Defendants served as underwriters in connection with the IPO and that the Registration Statement was filed in connection with the IPO.

79.     The Sundial Defendants deny the allegations in paragraph 79 of the Complaint.

80.     The Sundial Defendants state that to the extent that the allegations in paragraph 80 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the

extent a response is required, the Sundial Defendants deny the allegations in paragraph 80 of the Complaint except admit that the action was brought within three years of the date of the IPO and lack knowledge or information as to purported purchases by plaintiffs.

81.     The Sundial Defendants admit that the September 25, 2019 closing price for Sundial's common stock as reported by NASDAQ was $5.61 per share.

82.     The Sundial Defendants deny the allegations in paragraph 82 of the Complaint.

83.     The Sundial Defendants repeat and incorporate by reference each of their responses as if set forth herein.

84.     The allegations in paragraph 84 of the Complaint relate to allegations or claims that have been dismissed by the Court or are otherwise not directed to the Sundial Defendants, and the Sundial Defendants are not required to answer such allegations.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 84.

85.     The allegations in paragraph 85 of the Complaint relate to allegations or claims that have been dismissed by the Court or are otherwise not directed to the Sundial Defendants, and the Sundial Defendants are not required to answer such allegations.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 85.

86.     The allegations in paragraph 86 of the Complaint relate to allegations or claims that have been dismissed by the Court or are otherwise not directed to the Sundial Defendants, and the Sundial Defendants are not required to answer such allegations.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 86.

87.     The allegations in paragraph 87 of the Complaint relate to allegations or claims that have been dismissed by the Court or are otherwise not directed to the Sundial Defendants, and the Sundial Defendants are not required to answer such allegations.  To the extent a response is required, the Sundial Defendants deny the allegations in paragraph 87.

14

88.     The Sundial Defendants repeat and incorporate by reference each of their responses as if set forth herein.

89.     The Sundial Defendants state that to the extent that the allegations in paragraph 89 of the Complaint consist of legal conclusions and characterizations, no response is required.  To the extent a response is required, the Sundial Defendants admit that plaintiffs purport to bring this Count against the Individual Defendants based on the statute cited in paragraph 89 of the Complaint.

90.     The Sundial Defendants deny the allegations in paragraph 90 of the Complaint.

91.     The Sundial Defendants deny the allegations in paragraph 91 of the Complaint.

92.     The Sundial Defendants deny the allegations in paragraph 92 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

The Sundial Defendants deny any wrongdoing and, except as expressly admitted in paragraphs 1 through 92 above, deny all allegations, and specifically deny that plaintiffs are entitled to any of the relief prayed for against the defendants.

## RESPONSE TO JURY TRIAL DEMAND

The Sundial Defendants admit that plaintiffs purport to demand a jury trial.

## DEFENSES

The Sundial Defendants offer the following Defenses in response to the allegations set forth in the Complaint.  The Sundial Defendants reserve the right to amend this Answer, to amend, modify and/or supplement their Defenses, and to plead and assert additional Defenses as they become known and appropriate during the course of the litigation, including without limitation any Defenses that may arise as a result of any findings, conclusions, or other action taken.  The statement of any Defense does not operate to shift the burden of proof on any issue as to which applicable law places the burden on plaintiffs.  To the extent that any of the Defenses asserted

herein or to be asserted in the future are mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

## FIRST DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

This action is barred, in whole or in part, because the Court cannot properly exercise personal jurisdiction over some or all of defendants.

## THIRD DEFENSE

This action is barred, in whole or in part, because the Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b), and otherwise fails properly to identify, the alleged false or misleading statements of which plaintiffs complain and the alleged intent of defendants.

## FOURTH DEFENSE

This action is barred, in whole or in part, because the Complaint fails to allege any actionable misstatement or misrepresentation by any defendant.

## FIFTH DEFENSE

This action is barred, in whole or in part, because none of the alleged misrepresentations or omissions referenced in the Complaint were false or misleading in any way.

## SIXTH DEFENSE

This action is barred, in whole or in part, because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by defendants were not material.

16

### SEVENTH DEFENSE

This action is barred, in whole or in part, because the statements alleged in the Complaint, if any were in fact made, bespoke caution about the risks of investing in Sundial, were corporate puffery, or were forward-looking statements.

### EIGHTH DEFENSE

This action is barred, in whole or in part, because the facts alleged to have been misrepresented or omitted were accompanied by meaningful cautionary language and therefore not actionable because they warned the plaintiffs and members of the putative class of all the risks the plaintiffs allege were misstated or omitted.

### NINTH DEFENSE

This action is barred, in whole or in part, because the alleged misrepresentations contain expressions of belief or opinion, including expressions of opinions that plaintiffs have not alleged and cannot prove were not truly held, lacked a reasonable basis, or contained embedded facts that were false.

### TENTH DEFENSE

This action is barred, in whole or in part, because the facts that plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.  Plaintiffs are not entitled to any recovery because the substance of the allegedly material information that plaintiffs allege to have been omitted or misrepresented was in fact disclosed in Sundial's own public filings and announcements, in the documents and securities referenced in the Complaint, in the public disclosures of other parties and non-parties, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

**ELEVENTH DEFENSE**

Plaintiffs' claims, including without limitation all statements or business decisions that are construed by the Complaint as being false, misleading and/or omissions of material information, are barred, in whole or in part, because plaintiffs and the market were informed of the material information and risks associated with their investments in SEC filings and their amendments, press releases, Registration Statements, advertisements and other materials available to plaintiffs and/or the market.

**TWELFTH DEFENSE**

This action is barred, in whole or in part, because at all relevant times, the Sundial Defendants had no duty to disclose the allegedly omitted information.

**THIRTEENTH DEFENSE**

This action is barred, in whole or in part, because Item 303 of Regulation S-K does not apply to a foreign private issuer.

**FOURTEENTH DEFENSE**

This action is barred, in whole or in part, because plaintiffs lack standing to sue or to pursue their claims or claims on behalf of the putative class against any of the defendants, including without limitation because their shares were not purchased in, and are not traceable to, the initial public offering.

**FIFTEENTH DEFENSE**

The Individual Defendants cannot be liable as "controlling persons" under Section 15 of the Securities Act of 1933 because, among other things, there is no primary securities law violation, they acted at all times in good faith, they did not directly or indirectly induce the alleged wrongful act or acts, they did not have knowledge of or reasonable grounds to believe in the existence of

facts constituting the alleged violations, and they are not culpable participants in any alleged wrongdoing.

## SIXTEENTH DEFENSE

This action is barred, in whole or in part, because plaintiffs have not suffered any legally cognizable injury or damage.

## SEVENTEENTH DEFENSE

This action is barred, in whole or in part, because plaintiffs' alleged damages were not caused by the misrepresentations and omissions alleged in the Complaint.

## EIGHTEENTH DEFENSE

This action is barred, in whole or in part, because plaintiffs' alleged damages are speculative and thus not recoverable.

## NINETEENTH DEFENSE

The Sundial Defendants are not liable for any portion of plaintiffs' loss or damage caused by factors other than the misrepresentations and omissions alleged in the Complaint. Intervening and superseding economic events caused some or all of the decline in the value of Sundial securities, or any other harm. Accordingly, this decline in value and/or harm is not recoverable.

## TWENTIETH DEFENSE

Plaintiffs and the putative class at all relevant times had a duty to take reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Complaint. Plaintiffs and the putative class are barred from recovering any damages that might reasonably have been avoided.

## TWENTY-FIRST DEFENSE

This action is barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to plaintiffs. Any damages that may be

19

awarded in connection with the claims asserted herein are offset and/or must be reduced by the amount of the tax or other benefits accruing to plaintiffs, including without limitation by virtue of their deductions of capital loss, in order to prevent unjust enrichment of plaintiffs.

## TWENTY-SECOND DEFENSE

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.  Plaintiffs either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by plaintiffs.

## TWENTY-THIRD DEFENSE

Plaintiffs are not entitled to the certification of any class because plaintiffs' claims are not suitable for a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable law, and plaintiffs are not suitable class representatives.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and other applicable periods of repose.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, *in pari delicto*, fraud, ratification, unclean hands, and/or other related equitable doctrines.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of res judicata and/or collateral estoppel.

**TWENTY-EIGHTH DEFENSE**

This action is barred due to the Sundial Defendants' compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

**TWENTY-NINTH DEFENSE**

The claims alleged in the Complaint are barred, in whole or in part, to the extent that they seek to impose upon defendants disclosure obligations that are inconsistent with, or in excess of, those imposed pursuant to the federal securities laws, including the Securities Act of 1933 and the rules and regulations promulgated thereunder by the Securities and Exchange Commission.

**THIRTIETH DEFENSE**

This action is barred, in whole or in part, by virtue of statutory defenses or the governing local laws of this jurisdiction.

**THIRTY-FIRST DEFENSE**

This action is barred, in whole or in part, because the Sundial Defendants justifiably and reasonably relied on information provided to them by others, including without limitation accounting experts and other financial experts.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Sundial Defendants had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the Offering Documents became effective, that the statements in the Offering Documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**THIRTY-THIRD DEFENSE**

Any allegedly misleading statement or omission contained in the Offering Documents that was prepared by or with the assistance of experts, including without limitation financial statements, did not contain any red flags that triggered a duty to investigate their accuracy.

**THIRTY-FOURTH DEFENSE**

The Sundial Defendants are not liable to plaintiffs and members of the putative class to the extent that the acts or omissions alleged in the Complaint relate to portions of the Offering Documents reviewed by experts retained to assist in preparing such documents including without limitation independent auditors and tax specialists as to which the Sundial Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading.

**THIRTY-FIFTH DEFENSE**

The Sundial Defendants had a reasonable, subjective belief that the accounting judgments reflected in the Offering Documents were accurate at the time the judgments were made.

**THIRTY-SIXTH DEFENSE**

Defendants are not liable to plaintiffs and members of the putative class in connection with any acquisition of Sundial shares that (i) were not offered in the United States pursuant to the Offering Documents, or (ii) were not sold or purchased in the United States.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs and members of the putative class are not entitled to recover attorneys' fees, experts' fees or other costs and disbursements.

## THIRTY-EIGHTH DEFENSE

The Sundial Defendants adopt by reference any defense pled by any other defendant not expressly set forth herein to the extent applicable to the Sundial Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Sundial Defendants respectfully request that a final judgment be entered in their favor dismissing the Complaint with prejudice; awarding the Sundial Defendants the reasonable costs of this action, including reasonable attorneys' fees; and granting the Sundial Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 14, 2021

Respectfully submitted,

 /s/ Adam S. Hakki
Adam S. Hakki
(ahakki@shearman.com)
Jeffrey D. Hoschander
(jeff.hoschander@shearman.com)
Daniel Kahn
(daniel.kahn@shearman.com)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Phone:  (212) 848-4000

*Attorneys for Defendants Sundial Growers Inc.,
Torsten Kuenzlen, James Keough, Edward
Hellard, Greg Mills, Gregory Turnbull, Lee
Tamkee, and Elizabeth Cannon*