# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE SUNDIAL GROWERS INC.<br>SECURITIES LITIGATION | Master File No. 1:19-cv-08913-ALC<br><br>This Document Relates To:<br>All Actions |

**DECLARATION OF MARGERY CRAIG CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.    I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over fifteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred (500) class action cases since its inception.    I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.    Pursuant to the Court's Order Grating Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated June 23, 2022 (Dkt. No. 105, the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action.[1]  I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated December 2, 2021 (Dkt. No. 101, the "Settlement Stipulation").

3.      SCS sent the Depository Trust Company ("DTC") a Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Proof of Claim") (collectively, the "Notice and Claim") for the DTC to publish on its Legal Notice System ("LENS") on July 5, 2022. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim is attached as **Exhibit A**.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 878 banks and brokerage companies ("Nominee Account Holders"), as well as 1,046 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On July 5, 2022, SCS caused a letter to be mailed or e-mailed to the 1,924 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either send the Postcard Notice or email the link to the location of the Notice and Claim on the settlement webpage to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or email the link to the location of the Notice and Claim on the settlement webpage.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.      To provide actual notice to those persons and entities that purchased or acquired common stock of Sundial Growers Inc. ("Sundial") pursuant and/or traceable to the offering documents issued in connection with the August 1, 2019 initial public offering ("IPO"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. **Exhibit C** is a copy of the Postcard Notice.

6.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to one organization identified in the transfer records that were provided to SCS by Class Counsel. This record reflects the entity that purchased Sundial shares for their own account, or for the account(s) of their clients, during the IPO. The transfer record mailing was completed on July 6, 2022. Following this mailing, SCS received 2,184 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received a request from two nominees for 1,596 Postcard Notices so that the nominee could forward them to their customers, SCS and SCS received notification from two nominees that they mailed the Postcard Notices to 36 of their customers. To date, 3,817 Postcard Notices have been mailed to potential Settlement Class Members.[2]

7.      Additionally, SCS was notified by a nominee that they emailed 848 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim on the settlement webpage.

8.      In total, 4,665 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Notice and Claim.

---

[2] SCS received one request from potential Settlement Class Member for the Notice and Claim to be mailed to them. SCS immediately mailed the Notice and Claim to the potential Settlement Class Member.

9.    Out of the 3,817 Postcard Notices mailed, 80 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for one, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 79 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 11 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

10.    Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") was published electronically once on *Globe Newswire* and in print once in the *Investor's Business Daily* on July 18, 2022, as shown in the confirmations of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.    SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request the Notice and Claim to be mailed to them. SCS has promptly responded to each telephone inquiry and to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

12.    On July 5, 2022, SCS established a webpage on its website at www.strategicclaims.net/sundial/. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status; the case deadlines; the online claim filing link; and important documents such as the Notice and Claim, the Preliminary Approval Order, and the Settlement Stipulation.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Postcard Notice, Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed or delivered to SCS such that they are received no later than September 21, 2022. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has not received any requests for exclusion.

14.     According to the Notice and Summary Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, and/or Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs must be submitted to Lead Counsel and Defendants' Counsel, as well as filed with the Clerk of the Court, no later than September 21, 2022. As of the date of this declaration, SCS has not received any objections and SCS has not been notified that any objection was submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 14th day of September 2022, in Media, Pennsylvania.


Margery Craig

5



**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION | Master File No. 1:19-cv-08913-ALC<br><br>This Document Relates To:<br>All Actions |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased or otherwise acquired Sundial Growers Inc. ("Sundial" or the "Company") common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's initial public stock offering on or about August 1, 2019 ("IPO"), you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide seven million dollars ($7,000,000.00) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased or otherwise acquired Sundial common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO.

- The Settlement represents an estimated average recovery of $.64 per share of Sundial issued in the IPO. This estimate solely reflects the average recovery per share of Sundial common stock issued in the IPO. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on, among other things, the aggregate losses of all Settlement Class Members, the date(s) you purchased (or otherwise acquired) and sold Sundial common stock, and the total number and amount of claims filed.

- Attorneys for Lead Plaintiffs ("Lead Counsel") will ask the Court to award them fees of up to $2,333,333.33 (33 ⅓% of the Settlement Amount) plus interest, reimbursement of no more than $125,000 in litigation expenses, and an Award to Plaintiffs not to exceed $20,000.00 in total, consisting of $10,000.00 to each Lead Plaintiff. Collectively, the attorneys' fees and expenses and Plaintiffs' award are estimated to average $.23 per share of Sundial common stock issued in the IPO. If approved by the Court, these amounts will be paid from the Settlement Amount.

- The average approximate recovery, after deduction of attorneys' fees and interest and expenses approved by the Court, is $.41 per share of Sundial common stock issued in the IPO. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on, among other things, the aggregate losses of all Settlement Class Members, the date(s) you purchased (or otherwise acquired) and sold Sundial common stock, and the total number and amount of claims filed.

- The Settlement resolves the pending class action against Sundial, Torsten Kuenzlen, James Keough, Edward Hellard, Greg Mills, Gregory Turnbull, Lee Tamkee, Elizabeth Cannon, Cowen and Company, LLC, BMO Nesbitt Burns Inc., RBC Dominion Securities Inc., Barclays Capital Canada Inc., CIBC World Markets Inc., and Scotia Capital Inc. (collectively "Defendants"), which alleged violations of federal securities laws with respect to alleged misrepresentations and/or omissions of material fact in offering documents issued in connection with Sundial's IPO (the "Action"). Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered

-1-

damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than **October 5, 2022**. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **September 21, 2022.** This is the only way you can be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than **September 21, 2022** about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go To The Hearing** | Ask to speak no later than September 21, 2022 in Court about the fairness of the Settlement at the hearing on **October 12, 2022**. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| **Sundial Growers Inc. Securities Litigation**<br>**c/o Strategic Claims Services**<br>**P.O. Box 230**<br>**600 N. Jackson Street, Suite 205**<br>**Media, PA 19063**<br>**Tel.: (866) 274-4004**<br>**Fax: (610) 565-7985**<br>**info@strategicclaims.net** | **or** | **Jacob Goldberg**<br>**THE ROSEN LAW FIRM, P.A.**<br>**101 Greenwood Avenue, Suite 440**<br>**Jenkintown, PA 19046**<br>**Tel: (215) 600-2817**<br>**Fax: (212) 202-3827**<br>**jgoldberg@rosenlegal.com**<br><br>**LEVI & KORSINSKY**<br>**Adam Apton**<br>**55 Broadway, 10th Floor**<br>**New York, NY 10006**<br>**Tel: (212) 363-7500**<br>**Fax: (212) 363-7171**<br>**aapton@zlk.com** |

**DEFINITIONS**

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated December 2, 2021 (the "Settlement Stipulation").

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.     Why did I get this Notice?**

You or someone in your family may have purchased or otherwise acquired the common stock of Sundial in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO.

**2.     What is this lawsuit about?**

The case is known as *In re Sundial Growers Inc. Securities Litigation,* Master File No. 1:19-cv-08913-ALC (S.D.N.Y.) (the "Action"). The Court in charge of the case is the United States District Court for the Southern District of New York.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact in the offering documents issued in connection with Sundial's IPO. The complaint alleges, among other things, that the offering documents included inflated estimates of the Company's second quarter 2019 revenue based on revenue recognized in violation of its own accounting policies and International Financial Reporting Standards. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Defendants or Defendants' Related Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member.

**3.     Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.     Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. Plaintiffs and Defendants disagree regarding whether the alleged misstatements were materially false or misleading or otherwise actionable under the federal securities laws, the availability of certain defenses to Defendants, and the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any alleged misstatement was false or misleading at trial and the amount of damages, if any.

5. **How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates (as noted below), who purchased or otherwise acquired the common stock of Sundial in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO. Excluded from the Settlement Class are Defendants, the officers and directors of Sundial at the time of its IPO, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a majority ownership interest or had a majority ownership interest at the time of Sundial's IPO. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order, as described below in the answer to question 11.

6. **Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are Defendants, the officers and directors of Sundial at the time of its IPO, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a majority ownership interest or had a majority ownership interest at the time of Sundial's IPO. You are also excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Sundial common stock or otherwise suffered no compensable damages. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

7. **I am still not sure whether I am included.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/sundial/, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

8. **What does the Settlement provide?**

   a. **What is the Settlement Fund?**
   The proposed Settlement provides for Sundial or its insurers to pay seven million dollars ($7,000,000.00) into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

   b. **What can you expect to receive under the proposed Settlement?**
   Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased (or otherwise acquired) and sold Sundial common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and any Award to Plaintiffs.

   The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator

-4-

pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants").

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/sundial/.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

For Sundial common shares purchased or acquired **in or pursuant and/or traceable to the offering documents issued in connection with the IPO** between August 1, 2019[1] and October 31, 2019[2], inclusive, the Recognized Loss shall be calculated as follows:

    A.  For shares sold between August 1, 2019 and October 31, 2019, inclusive, the Recognized Loss shall be the lesser of:
        i.     The purchase price per share (not to exceed the IPO price of $13.00 per share) less the sale price per share; or
        ii.    $7.39 per share[3].

    B.  For shares held as of the close of trading on October 31, 2019, the Recognized Loss shall be the lesser of:
        i.     The purchase price per share (not to exceed the IPO price of $13.00 per share) less $3.25 per share[4]; or
        ii.    $7.39 per share.

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in Sundial common shares during the period from August 1, 2019 to October 31, 2019, inclusive, the value of the Recognized Loss will be zero, and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in Sundial shares during the period from August 1, 2019 to October 31, 2019, inclusive, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Sundial common shares shall not be deemed a purchase, acquisition or sale of Sundial shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only Sundial publicly traded common shares are eligible securities.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases and acquisitions of Sundial common shares during the time period between August 1, 2019 and October 31, 2019, inclusive.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. Defendants and their Related Parties shall have no responsibility or liability with respect to the Plan of Allocation, and no person shall have any claim against Defendants or Defendants'

---

[1] The date of the IPO.
[2] Certain transfer restrictions on Sundial common shares issued before the IPO and not traceable to the offering documents were no longer in effect after October 31, 2019.
[3] $7.39 per share is the difference between the $13.00 per share IPO price and the $5.61 per share price of Sundial common shares at the close of trading on September 25, 2019, the filing date of the initial complaint in this Action.
[4] This is the closing price per share on October 31, 2019.

Counsel in connection with the Plan of Allocation or any distributions. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.      How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/sundial/. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/sundial/ **by 11:59 p.m. EDT on October 5, 2022**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than October 5, 2022**, to:

Sundial Growers Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the September 21, 2022 deadline, you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against Defendants and Defendants' Related Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, officers, directors, attorneys, assigns, legal representatives, and agents, immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates and any person or entity which is or was related to or affiliated with any of them will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and Defendants' Related Parties any and all claims whether known or unknown (including Unknown Claims as defined in the Settlement Stipulation), asserted or unasserted, whether arising under federal, state, common or foreign law, whether class or individual in nature (i) asserted in the Action; (ii) arising out of, based upon, or relating in any way to the underwriting, purchase, acquisition, holding, sale, or disposition of Sundial common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's

IPO and the allegations, acts, facts, transactions, events, matters, occurrences, statements or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action; or (iii) arising out of, based upon, or relating in any way to the Settlement, except claims to enforce the Settlement. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale, disposition, holding or ownership of Sundial common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO.

**11.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or Defendants' Related Parties on your own, at your own expense, with respect to the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly states your name, address, phone number and email contact information (if any), and that you "request to be excluded from the Settlement Class in *In re Sundial Growers Inc. Securities Litigation,* Master File No. 1:19-cv-08913-ALC (S.D.N.Y.)"; and (B) state the date, number of shares and dollar amount of each Sundial common stock purchase or acquisition you made in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Sundial common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO; and (ii) demonstrating your status as a beneficial owner of the Sundial common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than September 21, 2022**, to the Claims Administrator at the following address:

Sundial Growers Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**You cannot exclude yourself by telephone or by email.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you follow the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or Defendants' Related Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP is provided below.

**14.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 33 ⅓% of the Settlement Fund ($2,333,333.33) plus interest, reimbursement of litigation expenses of no more than $125,000 and an Award to Lead Plaintiffs not to exceed $20,000.00 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Sundial Growers Inc. Securities Litigation,* Master File No. 1:19-cv-08913-ALC (S.D.N.Y.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases or acquisitions and sales of Sundial common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions relating to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than September 21, 2022**:

| <u>Clerk of the Court</u> | <u>LEAD COUNSEL:</u> | <u>COUNSEL FOR DEFENDANTS</u> |
|---|---|---|
| United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | THE ROSEN LAW FIRM, P.A.<br>Jacob A. Goldberg<br>Leah Heifetz-Li<br>101 Greenwood Avenue<br>Suite 440<br>Jenkintown, PA 19046<br><br>LEVI & KORSINSKY<br>Adam Apton<br>Nicholas I. Porritt<br>Max Weiss<br>55 Broadway<br>10th Floor<br>New York, NY 10006 | *Counsel for Defendants Sundial Growers Inc., Torsten Kuenzlen, James Keough, Edward Hellard, Greg Mills, Gregory Turnbull, Lee Tamkee, and Elizabeth Cannon*<br><br>SHEARMAN & STERLING LLP<br>Adam S. Hakki<br>Jeffrey D. Hoschander<br>599 Lexington Avenue<br>New York, NY 10022<br><br>*Counsel for Defendants Cowen and Company, LLC, BMO Nesbitt Burns Inc., RBC Dominion Securities Inc., Barclays Capital Canada Inc., CIBC World Markets Inc. and Scotia Capital Inc.*<br><br>GOODWIN PROCTER LLP<br>Caroline Bullerjahn<br>100 Northern Avenue<br>Boston, MA 02210 |

**16.     What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on **October 12, 2022, at 12:00 p.m.**, at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, Courtroom 1306, New York, NY 10007. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Lead Counsel will issue a press release notifying Settlement Class Members and the Claims Administrator will update its website, on the page dedicated to this Settlement, to note the telephonic or other virtual means for the Settlement Hearing.

**18.     Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.     What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or Defendants' Related Parties relating to the Released Claims (as defined in the Settlement Stipulation) ever again.

## SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

If you purchased, otherwise acquired, sold or otherwise disposed of Sundial common stock for the beneficial interest of a person or organization other than yourself in or pursuant and/or traceable to the offering documents issued in connection with Sundial's initial public stock offering on or about August 1, 2019, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased such Sundial common stock; (b) request a link to the location of the electronic Long Notice and Proof of Claim and Release Form and, within ten (10) days after receiving the link, email the link to the email address of each such beneficial purchaser/owner of the Sundial common stock; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days after receiving the additional Postcard Notices, mail the Postcard Notice directly to such beneficial purchaser/owners of the Sundial common stock. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.05 per name for providing names, addresses and email addresses to the Claims Administrator; up to $0.05 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.

DATED: JUNE 23, 2022

                                          _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:  October 5, 2022**

IF YOU PURCHASED OR ACQUIRED SUNDIAL GROWERS INC. ("SUNDIAL" OR THE "COMPANY") COMMON STOCK IN OR PURSUANT AND/OR TRACEABLE TO THE OFFERING DOCUMENTS ISSUED IN CONNECTION WITH SUNDIAL'S INITIAL PUBLIC OFFERING ("IPO"), WHICH OCCURRED ON OR ABOUT AUGUST 1, 2019, AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF SUNDIAL AT THE TIME OF THE IPO, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH ANY DEFENDANT HAS A MAJORITY OWNERSHIP INTEREST OR HAD A MAJORITY OWNERSHIP INTEREST AT THE TIME OF SUNDIAL'S IPO. ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S ORDER OF PRELIMINARY APPROVAL OF THE SETTLEMENT.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EDT ON OCTOBER 5, 2022 AT WWW.STRATEGICCLAIMS.NET/SUNDIAL/.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN OCTOBER 5, 2022 TO STRATEGIC CLAIMS SERVICES, AT THE FOLLOWING ADDRESS:

Sundial Growers Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY OCTOBER 5, 2022 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT, INCLUDING THE RELEASES THEREIN, UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

ALL CAPITALIZED TERMS NOT OTHERWISE DEFINED HEREIN SHALL HAVE THE SAME MEANINGS AS SET FORTH IN THE NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION (THE "NOTICE") AND, IF NOT THEREIN, THE STIPULATION AND AGREEMENT OF SETTLEMENT, DATED DECEMBER 2, 2021 (THE "SETTLEMENT STIPULATION").

### CLAIMANT'S STATEMENT

1. I (we) purchased or acquired Sundial Growers Inc. ("Sundial") common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's initial public offering. (Do not submit this Proof of Claim and Release Form if you did not purchase or acquire Sundial common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's initial public offering.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Sundial stock, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition and/or sale of Sundial common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the

production of additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7. Upon the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, predecessors, successors, attorneys, insurers, legal representatives, agents, and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons or entities, by it, him, her or them, and by its, his, her or their immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents of each of them, and all present, former and future direct and indirect parent entities, subsidiaries, predecessors, and successors, and each of their respective officers, directors, attorneys, legal representatives, and agents, and any Person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their respective immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents) of each of the "Released Parties," including "Defendants" and Defendants' "Related Parties,"  of all "Released Claims," including "Unknown Claims," as those terms are defined in the Stipulation and Agreement of Settlement, dated December 2, 2021 (the "Settlement Stipulation").

8. Upon the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, predecessors, successors, attorneys, insurers, legal representatives, agents, and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons or entities, by it, him, her or them, and by its, his, her or their immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents of each of them, and all present, former and future direct and indirect parent entities, subsidiaries, predecessors, and successors, and each of their respective officers, directors, attorneys, legal representatives, and agents, and any Person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their respective immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents) not to sue any of the Released Parties, including Defendants and Defendants' Related Parties, with respect to the Released Claims, including Unknown Claims, and to be permanently barred and enjoined  from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims, including Unknown Claims, against any of the Released Parties, including Defendants and Defendants' Related Parties.

9. "Released Parties" has the meaning set forth in the Settlement Stipulation.

10. "Released Claims" has the meaning set forth in the Settlement Stipulation.

11. "Unknown Claims" has the meaning set forth in the Settlement Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of "Released Claims" released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in Sundial common stock should be reported in the electronic file so that each resulting claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts, as well as one total holding at the close of trading on October 31, 2019; this would constitute and be processed a single claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single claim prior to processing in the event that a Legal Entity's accounts are divided across multiple claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Sundial common stock to prove and accurately process the claim.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/sundial/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

SUNDIAL

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN SUNDIAL GROWERS INC. ("SUNDIAL") COMMON STOCK IN OR PURSUANT AND/OR TRACEABLE TO THE OFFERING DOCUMENTS ISSUED IN CONNECTION WITH SUNDIAL'S INITIAL PUBLIC OFFERING ("IPO")

**Purchases/Acquisitions:**

A.  Separately list each and every purchase or acquisition of Sundial common stock from August 1, 2019 through October 31, 2019, both dates inclusive (*must be documented*).

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

SUNDIAL

**Sales:**

C.  Separately list each and every sale of Sundial common stock from August 1, 2019 through October 31, 2019, both dates inclusive (*must be documented*).

| Trade Date (List Chronologically) (Month/Day/Year | Number of Shares Sold | Price per Share | Amount Received (Before Reduction for Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**End Holdings:**

C. State the number of shares of Sundial common stock held at the close of trading on October 31, 2019 (*must be documented*):

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

### III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

### IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Sundial common stock purchased or acquired in or pursuant and/or traceable to the offering documents issued in connection with Sundial's initial public offering and know of no other Person having done so on my (our) behalf.

SUNDIAL

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐  Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date:  _____

**THE PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/SUNDIAL/ BY 11:59 P.M. EDT BY OCTOBER 5, 2022, OR IF MAILED, MUST BE POSTMARKED NO LATER THAN OCTOBER 5, 2022 AND MUST BE MAILED TO:**

Sundial Growers Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by October 5, 2022 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

-18-

SUNDIAL

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 18.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

Sundial Growers Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT B**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

July 5, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SUNDIAL GROWERS INC. ("SUNDIAL" OR THE "COMPANY") COMMON STOCK IN OR PURSUANT AND/OR TRACEABLE TO THE OFFERING DOCUMENTS ISSUE IN CONNECTION WITH SUNDIAL'S INITIAL PUBLIC STOCK OFFERING ON OR ABOUT AUGUST 1, 2019 ("IPO").

Excluded from the Settlement Class are Defendants, the officers and directors of Sundial at the time of its IPO, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a majority ownership interest or had a majority ownership interest at the time of Sundial's IPO.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Sundial Growers Inc. Securities Litigation*<br>Master File No. 1:19-cv-08913-ALC<br>Exclusion Deadline: September 21, 2022<br>Objection Deadline: September 21, 2022<br>Claim Filing Deadline: October 5, 2022<br>Settlement Hearing: October 12, 2022 | Cusip Number: 86730L109 |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the location of the electronic Long Notice and Proof of Claim or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4. Request a link to the location of the electronic Long Notice and Proof of Claim and advise us that you will be emailing the link to your beneficial purchasers/owners within ten (10) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per emailed Notice sent** OR
- **$0.05 per name, address and email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator if** you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/sundial/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
Sundial Growers Inc. Securities Litigation

**EXHIBIT C**

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

Sundial Growers Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

Master File No. 1:19-cv-08913 (S.D.N.Y.)

Case Pending in the United States District Court for the Southern District of New York

*In re Sundial Growers Inc. Securities Litigation,* Master File No. 19-cv-08913-ALC (S.D.N.Y.)
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/SUNDIAL/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the Southern District of New York (the "Court") has preliminarily approved a proposed Settlement of claims against Sundial Growers Inc. ("Sundial"), Torsten Kuenzlen, James Keough, Edward Hellard, Greg Mills, Gregory Turnbull, Lee Tamkee, Elizabeth Cannon, Cowen and Company, LLC, BMO Nesbitt Burns Inc., RBC Dominion Securities Inc., Barclays Capital Canada Inc., CIBC World Markets Inc., and Scotia Capital Inc. (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants allegedly made misrepresentations and/or omissions of material fact in the offering documents issued in connection with Sundial's August 1, 2019, initial public stock offering ("IPO").

You received this notice because you may have purchased or otherwise acquired the common stock of Sundial in or pursuant and/or traceable to the offering documents issued in connection with Sundial's IPO and may be a Settlement Class Member. The Settlement dismisses and releases claims against Defendants. A fund consisting of $7,000,000.00, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proofs of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/sundial/. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Sundial Growers Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (2) phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/sundial/. PROOFS OF CLAIM ARE DUE BY OCTOBER 5, 2022 TO SUNDIAL GROWERS INC. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST., STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/sundial/. If you do not want to be legally bound by the Settlement, you must exclude yourself by September 21, 2022. If you exclude yourself, you cannot receive funds from this Settlement. If you stay in the Settlement, you may object to it by September 21, 2022. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on October 12, 2022 at 12:00 p.m. at the Court, 40 Foley Square, Courtroom 1306, New York, NY 10007, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one third of the Settlement Fund for their attorneys' fees, plus up to $125,000 in expenses, and Awards to Plaintiffs of no more than $20,000 in total, for litigating the cases and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

**EXHIBIT D**

## mcraig@strategicclaims.net

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, July 18, 2022 9:00 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | mcraig@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. and Levi & Korsinsky Announce Proposed Class Action Settlement on Behalf of Purchasers of the Sundial Growers Inc. Common Stock – SNDL**

*Cross time: **07/18/22 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

1

# INVESTOR'S BUSINESS DAILY°

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:      IBD Weekly
Address:                  12655 Beatrice Street
City, State, Zip:         Los Angeles, CA 90066
Phone #:                  310.448.6700
State of:                 California
County of:                Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for SUNDIAL GROWERS INC was printed in said publication on the following date(s):

**JULY 18, 2022**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __18th__ day of __July__ , __2022__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

Case 1:19-cv-08913-ALC-SN    Document 111-1    Filed 09/14/22    Page 32 of 32

*[Mutual fund performance tables — multiple columns of dense fund listings with column headers: 36 Mo Performance Rating / Fund, YTD % Chg, 12Wk % Chg, 5 Yr % Chg, After Tax Rtrn, Net Asset Value, NAV Chg. Fund groups include P–Q–R, Pace Funds A, Pgimlnvest, PIMCO, Pioneer, Praxis, Price Advisor, Principal Investors, Prudential, Putnam, S–T–U–, Schwab Funds, Scout Funds, SilverPepper, Sit Funds, State Frm Asc, Steinberg, Sterling Capital, Third Avenue, Thrivent Funds A, Russell Funds S, Rydex C, TIAA-CREF Funds, Tocqueville, Touchstone, TrillumMutualFnds, UBS Pace Y, USAA Group, Value Line, Vanguard Admiral, Vanguard Funds, Vanguard Index, V–W–X–, Victory Funds, Virtus Funds, Vaninvestment, Wells Fargo, Wilshire Funds, Wilmington, William Blair N, etc.]*

## MarketSmith (advertisement)

Trade Like A **MARKET SHARK**

Sink your teeth into bigger profits with MarketSmith! Get 4 weeks for $29.95.

Investors.com/shark

© 2022 Investor's Business Daily, LLC. Investor's Business Daily, IBD, Leaderboard and corresponding logos are registered trademarks owned by Investor's Business Daily, LLC. MarketSmith is a registered trademark of O'Neil Capital Management, Inc.

---

This announcement is neither an offer to buy nor a solicitation of an offer to sell Shares. The Offer is being made solely by the formal Offer to Purchase forwarded to Shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, Shareholders residing in any State in which making or accepting the Offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the Offer to be made by a licensed broker or dealer, the Offer shall be deemed to be made on behalf of Purchasers only by one or more registered dealers licensed under the laws of such jurisdiction.

### NOTICE OF OFFER TO PURCHASE FOR CASH:

Up to 1,000,000 Shares of common stock of Watermark Lodging Trust, Inc. (the "Company") at a price of $5.00 per Share

by: MacKenzie Northstar Fund 3, LP, MPF BLUE RIDGE FUND I, LLC, MACKENZIE BLUE RIDGE FUND III, LP, MACKENZIE BADGER ACQUISITION CO. 4, LLC (collectively the "Purchasers")

The Purchasers are offering to purchase for cash up to 1,000,000 shares of common stock ("Shares") of the Company, at a price of $5.00 per Share upon the terms and subject to the conditions set forth in Purchasers' Offer to Purchase and in the related Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"). THE OFFER AND WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., PACIFIC TIME, ON AUGUST 31, 2022, UNLESS AN OFFER IS EXTENDED.

Funding for the purchase of the Shares will be provided through the Purchasers' existing working capital. The Offer is not made for the purpose of acquiring or influencing control of the business of the issuer. The Offer will expire at 11:59 p.m., Pacific Time on August 31, 2022, unless and until Purchasers, in their sole discretion, shall have extended the period of time for which the Offer is open (such date and time, as extended the "Expiration Date"). The Purchasers will not provide a subsequent offering period following the Expiration Date. If Purchasers make a material change in the terms of the Offer, or if they waive a material condition to the Offer, Purchasers will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Securities Exchange Act of 1934, as amended (the "Exchange Act"). The minimum period during which the Offer must remain open following any material change in the terms of the Offer, other than a change in price or a change in percentage of securities sought or a change in any dealer's soliciting fee, will depend upon the facts and circumstances including the materiality of the change with respect to a change in price or, subject to certain limitations, a change in the percentage of securities ought or a change in any dealer's soliciting fee. A minimum of ten business days from the date of such change is generally required to allow for adequate dissemination to Shareholders. Accordingly, if prior to the Expiration Date, Purchasers increase (other than increases of not more than two percent of the outstanding Shares) or decrease the number of Shares being sought, or increase or decrease the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to Shareholders, the Offer will be extended at least until the expiration of such ten business days. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Pacific Time. In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Assignment Forms (or facsimiles thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Forms and successful transfer of ownership.

Tenders of Shares made pursuant to the Offer is irrevocable, except that Shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to MacKenzie Capital Management, LP a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Forms tendering the Shares to be withdrawn. In addition, tendered Shares may be withdrawn at any time on or after September 17, 2022, unless the tender has theretofore been accepted for payment as provided above. If tendering Shareholders tender more than the number of Shares that Purchasers seek to purchase pursuant to the Offer for those Shares, Purchasers will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering Share holder during the period during which that Offer remains open. The terms of the Offer are more fully set forth in the formal Tender Offer Documents which are available from Purchasers at the Purchasers' expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents contain important information which should be read carefully before any decision is made with respect to the Offer.

For copies of the Tender Offer Documents call Purchasers at 1-800-854-8357, Make a Written Request Addressed to 89 Davis Road, Suite 100, Orinda, CA 94563, email to offers@mackenziecapital.com, or visit our website at www.mackenziecapital.com (click on Tenders).

---

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION

Master File No. 1:19-cv-08913-ALC
This Document Relates To:
All Actions

### SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

TO: ALL PERSONS WHO PURCHASED OR ACQUIRED SUNDIAL GROWERS INC. (NASDAQ: SNDL) COMMON STOCK IN OR PURSUANT AND/OR TRACEABLE TO THE OFFERING DOCUMENTS ISSUED IN CONNECTION WITH SUNDIAL'S INITIAL PUBLIC STOCK OFFERING, WHICH OCCURRED ON OR ABOUT AUGUST 1, 2019:[1]

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on October 12, 2022, at 12:00 p.m. before the Honorable Andrew L. Carter, Jr., United States District Judge of the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, Courtroom 1306, New York, NY 10007 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for $7,000,000.00 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to 33 1/3% plus interest of the Settlement Amount, reimbursement of expenses of not more than $125,000, and an Award to Plaintiffs of no more than $20,000 in total, should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated December 2, 2021 (the "Settlement Stipulation"). The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

If you purchased or otherwise acquired Sundial Growers Inc. ("Sundial" or the "Company") common stock in or pursuant and/or traceable to the offering documents issued in connection with Sundial's initial public stock offering, which occurred on or about August 1, 2019, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Sundial common stock. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to or calling the Claims Administrator: Sundial Growers Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Notice and submit your Proof of Claim and Release Form online at www.strategicclaims.net/sundial/. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form to the Claims Administrator, either electronically no later than 11:59 p.m. EDT on October 5, 2022 or by first class mail postmarked no later than October 5, 2022, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than September 21, 2022, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and Award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than September 21, 2022, and must be mailed to each of the following:

**LEAD COUNSEL:**

| Clerk of the Court | THE ROSEN LAW FIRM, P.A. | LEVI & KORSINSKY |
|---|---|---|
| United States District Court | Jacob A. Goldberg | Adam Apton |
| Southern District of New York | Leah Heifetz-Li | Nicholas I. Porritt |
| Daniel Patrick Moynihan U.S. Courthouse | 101 Greenwood Avenue | Max Weiss |
| 500 Pearl Street | Suite 440 | 55 Broadway, 10th Floor |
| New York, NY 10007 | Jenkintown, PA 19046 | New York, NY 10006 |

COUNSEL FOR DEFENDANTS

| Counsel for Defendants Sundial Growers Inc., Torsten Kuenzlen, James Keough, Edward Hellard, Greg Mills, Gregory Turnbull, Lee Tamkee, and Elizabeth Cannon | Counsel for Defendants Cowen and Company, LLC, BMO Nesbitt Burns Inc., RBC Dominion Securities Inc., Barclays Capital Canada Inc., CIBC World Markets Inc. and Scotia Capital Inc. |
|---|---|
| SHEARMAN & STERLING LLP | GOODWIN PROCTER LLP |
| Adam S. Hakki | Caroline Bullerjahn |
| Jeffrey D. Hoschander | 100 Northern Avenue, Boston, Massachusetts 02210 |
| 599 Lexington Avenue, New York, New York 10022 | |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
jgoldberg@rosenlegal.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: June 23, 2022

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Stipulation.