**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION | Master File No. 1:19-cv-08913-ALC<br><br>This Document Relates To:<br><br>All Actions |

### PLAINTIFFS' REPLY IN SUPPORT OF (1) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (2) AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO PLAINTIFFS

Lead Plaintiffs 998735 BC LTD and David Draiman (collectively, "Lead Plaintiffs" or "Plaintiffs") respectfully submit this Reply in further support of their motions for (1) Final Approval of Class Action Settlement ("Final Approval Motion") and (2) Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee Motion"). This Reply is supported by the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections ("Supp. Mailing Decl."), attached hereto as Exhibit 1.

The Court-ordered deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, Attorneys' Fees and Expenses, or Plaintiffs' requested reimbursement award, or to opt-out of the Settlement, elapsed on September 21, 2022. As of this filing, no Settlement Class Member has objected or requested exclusion from the Settlement. Accordingly, the reaction of the Settlement Class Members to the proposed Settlement, Plan of Allocation, attorneys' fees and expenses, and requested reimbursement to Plaintiffs supports entering the Proposed Order of Final Judgment.

1

**I.      The Absence of Objections Strongly Supports Final Approval**

It has long been "'well-settled' that the reaction of the class to a settlement is considered perhaps 'the most significant factor to be weighed in considering its adequacy.'" *In re Veeco Instruments Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) (quoting *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002)).

Here, after a robust notice program that included notifying 4,665 potential Settlement Class Members either by mailed Postcard Notice or by email, not a single Settlement Class Member raised any objection with Plaintiffs' Counsel to any aspect of the Settlement, the Plan of Allocation, or the Motion for Attorneys' Fees or Expenses, or the request for Plaintiffs' reimbursement awards. *See* Supp. Mailing Decl. at ¶¶3, 8. Courts have recognized that a lack of any objection supports final approval. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, Case No. 1:16-cv-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020); *Veeco*, 2007 WL 4115809, at *7; *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006).

Settlement Class Members' lack of objection also supports the request for attorneys' fees, expenses, and compensatory awards to Plaintiffs. The Notices mailed to each potential Settlement Class Member identified the maximum amount that would be sought for each of these items, affording Settlement Class Members the opportunity to address any portion they deemed unreasonable. *See* ECF No. 111-1, Exhibit A. "The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable." *Signet*, 2020 WL 4196468, at *6; *see also In re Virtus Inv. Partners, Inc.*, No. 15cv1249, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018); *In re Adv. Battery Techs. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014).

## II.    The Absence of Exclusions Strongly Supports Final Approval

Upon the Court granting Preliminary Approval of the Class, Lead Counsel caused the Claims Administrator to disseminate the Notice of Proposed Settlement of Class Action. To date, no Settlement Class Members have requested to be excluded from the Settlement. *See* Supp. Mailing Decl. ¶7. That [the overwhelming majority of] eligible investors opted to remain in the Settlement Class supports final approval. *See, e.g., Guevoura Fund Ltd. v. Sillerman*, No. 1:15-cv-07192-CM, 2019 WL 6889901, at *7 (Dec. 18, 2019); *Luxottica*, 233 F.R.D. at 312.

## III.    Conclusion

Accordingly, for all the reasons stated herein, and in the Final Approval Motion and Fee Motion, the Court should enter the Proposed Order and Final Judgment.

DATED:  October 5, 2022                                         Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
Nicholas I. Porritt
Max E. Weiss
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapont@zlk.com
Email: nporritt@zlk.com
Email: mweiss@zlk.com

Elizabeth K. Tripodi
1101 30th Street NY, Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290
Fax: (212) 363-7171
Email: etripodi@zlk.com

**THE ROSEN LAW FIRM, P.A.**

*s/ Jacob A. Goldberg*

Jacob A. Goldberg
Leah Heifetz-Li
275 Madison Ave, 40th Floor
New York, NY 10006
Tel: (215) 686-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
Email: lheifetz@rosenlegal.com


***Co-Lead Counsel for Plaintiffs and the Class***