**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SUNDIAL GROWERS INC. SECURITIES LITIGATION | File No. 1:19-cv-08913-ALC<br><br>This Document Relates To:<br><br>All Actions |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS**

Lead Plaintiffs 998735 BC LTD and David Draiman (together, "Plaintiffs"), on behalf of themselves the Settlement Class, respectfully submit this Memorandum of Law in support of their motion for distribution of the Net Settlement Fund.[1] For the reasons set forth herein and in the accompanying Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration" or "Craig Decl."), prepared on behalf of Strategic Claims Services ("SCS" or "Claims Administrator") and filed herewith, Plaintiffs respectfully request that the Court enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds ("Proposed Distribution Order").

In entering the Proposed Order, the Court will (i) approve SCS's administrative recommendations accepting and rejecting Claims submitted in this Action ("Action"); and (ii) authorize distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted.

---

[1] All capitalized terms that are not otherwise defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated December 3, 2021 ("Stipulation"). (Dkt. No. 101).

## PROCEDURAL BACKGROUND

On October 5, 2022, the Court entered the Order and Final Judgment ("Final Approval Order"), granting final approval to the $7,000,000 cash settlement between Plaintiffs, on behalf of the Class, and Defendants, under the terms set forth in the Stipulation, and dismissing the above-captioned action ("Action") with prejudice. (Dkt. No. 115).

As described in the Craig Declaration, SCS, under Lead Counsel's supervision, provided the requisite notice of the pendency and Settlement of the Action to potential Class Members, processed the Proof of Claim forms, calculated Recognized Loss amounts, and performed related work consistent with the Stipulation, and the Final Approval Order. *See generally* Craig Declaration. SCS has completed the processing of Claims, including Claims submitted after the October 5, 2022, Claims submission deadline. As a result, Lead Counsel and the Claims Administrator are now prepared to distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

## I.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 105), all Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to timely submit a completed Proof of Claim form with supporting documentation to SCS, postmarked or received on or before the submission deadline of October 5, 2022. *See, e.g.,* Preliminary Approval Order at ¶19.

To avoid undue repetition, Lead Counsel respectfully refers the Court to the Craig Declaration filed herewith for a detailed description of the factual and procedural background of the claims review and administration process. Briefly, SCS mailed or emailed 1,924 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list and mailed 3,781 Postcard Notices to potential Settlement Class Members or nominees. Craig Decl.

2

¶3. In addition, nominees mailed postcards to and emailed their clients to notify them of the settlement, with the emails providing a direct link to the Long Notice and the Proof of Claim Form on SCS's website. *Id.* To date, 4,665 potential settlement class members have been mailed the Postcard Notice or provided a direct link to the Long Notice and Proof of Claim, online. *Id*.

SCS received and processed 951 Claim Forms ("Claims"). *Id*. ¶6. SCS reviewed all Claim Forms and supporting documentation to determine whether the claimant was in fact a Settlement Class Member or whether the claimant was ineligible. *Id*. ¶7. SCS prepared exhibits detailing: (i) all timely, properly documented Claims (Craig Decl. ¶7(a), Ex. B-1 and B-2); (ii) all inadequately documented claims (Craig Decl. ¶7(b), Ex. D); and (iii) all rejected Claims that were deemed ineligible through SCS's deficiency process (Craig Decl. ¶7(c), Ex. E).

### A.    Valid and Properly Documented Claims

SCS has identified 668 properly documented valid claims. These valid claims were calculated in the manner set forth in the Court-approved Proposed Plan of Allocation of the Net Settlement Fund ("Plan of Allocation") included in the Notice. Exhibit B-1 to the Craig Declaration lists the 658 properly documented timely claims. Exhibit B-2 to the Craig Declaration lists the 10 properly documented claims that were submitted after the October 5, 2022 deadline but on or before November 4, 2022. Plaintiff respectfully requests that the Court approve SCS's recommendation to allow the 10 late Claims and to approve distribution of the Net Settlement Amount to the 668 total properly documented claims.

### B.    Deficient and Ineligible Claims

#### 1.    Inadequately Documented Claims

SCS initially identified 46 inadequately documented claims. Craig Declaration ¶7(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the

3

inadequacy and giving them the opportunity to cure the deficiency. *Id.*, Exhibit C. Of the 46 claims initially identified as deficient, 34 have been successfully cured and are now considered valid. *Id.* The remaining 12 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice explaining the reason(s) for their inadequacy. *Id.* None of the 12 rejected claimants have objected to or contested SCS's determination. *Id.*, Exhibit D.

### 2.  Claims Rejected for Reasons Other than Inadequate Documentation

SCS has identified 271 claims that it recommends for complete rejection. Craig Declaration ¶7(c), Exhibit E. The reasons for rejection included: (i) claims with no Recognized Losses; (ii) duplicate claims; (iii) claims withdrawn by filing entity; (iv) claims with Sundial common stock that was not purchased in or pursuant and/or traceable to the offering documents issued in connection with Sundial's initial public stock offering on or about August 1, 2019; (v) claims with shares sold short; (vi) claims with common stock of Sundial that were not purchased or otherwise acquired, but were received, granted by gift, inheritance, or operation of law; (vii) claims filed by excluded parties; and (viii) claim filed by a fraudulent claimant. *Id.* Such claimants were sent rejection notices advising them of SCS's determination. *Id.*, Exhibit F. To date, none of these ineligible claimants has contested their determination.

### C.    Claims Received After November 4, 2022, Should be Rejected as Untimely

There must be a final cut-off date after which no more Claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund without further delay and expense for the Class. Craigs Decl. ¶8; *see In re Citigroup Inc. Sec. Litig.*, No. 07-CV-9901 SHS, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated'"); *Hartman v. Powell*, No. 00-5356, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001)

("Drawing a line is essential to achieve certainty and finality in such a large class action"). Accordingly, Plaintiffs respectfully requests that the Court reject as untimely any claims received after November 4, 2022, and any responses to deficiency and/or rejection notices received after April 27, 2023. *See* Craig Decl. ¶8.

## II.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant the Stipulation, "Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below in ¶7.2 of this Stipulation) to Authorized Claimants." (Dkt. No. 101, ¶7.1). Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 668 claims have been accepted as set forth in Exhibits B-1 and B-2 to the Craig Declaration, in proportion to their Recognized Losses as shown therein.

According to the Stipulation, "If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred

in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel, with the approval of the Court." (Dkt. No. 101, ¶7.7)

## III.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: June 6, 2023

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
Nicholas I. Porritt
55 Broadway, 10th Floor
New York, NY 10006
Tel : 212-363-7500
Fax : 212-363-7171
Email: nporritt@zlk.com
Email: aapton@zlk.com

Elizabeth K. Tripodi
1101 30th Street NW, Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290
Fax : 212-363-7171
Email: etripodi@zlk.com

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Jacob A. Goldberg*
Jacob A. Goldberg
Leah Heifetz-Li
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046

6

Telephone: (215) 600-2817
Email: jgoldberg@rosenlegal.com
Email: lheifetz@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Leah Heifetz-Li*
Leah Heifetz-Li